IN THE MATTER OF THE APPLICATION OF THE EXECU-TORS OF THE WILL OF IRA RYERSON, DECEASED, FOR DIRECTIONS.

1. Under the eighth section of the revised act concerning legacies, (*Rev. Stat.*, 1874, *p.* 439,) it is discretionary with the executor, whether he will require security before paying over to a legatee the amount of a bequest for life or years.

2. Where the testator gives to a legatee for life the absolute possession and control of the fund, the executors may pay it over without requiring security.

On petition.

*Mr. Wm. Pennington,* for the executors.

THE CHANCELLOR.

Ira Ryerson, by the second section of his will, which is dated January 8th, 1870, gave and bequeathed to his wife, $6000, absolutely. The third section is as follows: " I also give to my said wife, and direct my executors to pay to her, the sum of $14,000, to be by her used during her natural life, at her pleasure ; hereby giving her power to invest and re-invest the same in her own name, in the same manner I might do if living, and to appoint the same among my legatees, by will, after her decease, according to her own

judgment and discretion. But should the said sum of $14,000, or any part thereof, remain undisposed of by my said wife as aforesaid, at the time of her death, I give and bequeath the whole, or the part thereof, as the case may be, so undisposed of by my said wife, to my legatees, in proportion to the legacies bequeathed by this, my will," &c. The testator appointed his wife and Henry A. Williams his executors. They have both proved the will, and taken upon themselves the execution thereof. The question submitted by the petition is, whether they may safely pay $14,000 to Mrs. Ryerson without requiring security. It will be observed, that the gift of the fund is to her, and the executors are directed to pay it over to her. The will gives her power to invest and re-invest it in her own name, in the same manner as the testator might do if living. No doubt is suggested as to her pecuniary responsibility. It is said that none is entertained, but the sole question is, whether, under the provisions of the eighth section of the revised act concerning legacies, security should not be required. That section does not make it obligatory on the executors to require security in the cases therein mentioned, but leaves it to their discretion. The intention of the testator, that Mrs. Ryerson should have absolute possession and control of the fund, is unequivocally expressed.

The executors would, under the circumstances, be justified in paying her the money without requiring security.