JULIA COURTER

v.

FRANCIS K. HOWELL et al., executors.

A parent gave testamentary power to her executors to sell a certain house
and lot, and to set apart $3,000 of the amount derived therefrom for the sole and
separate use of her daughter Julia [the wife of C.], who was to receive the in-
terest and income thereof during her natural life, and at her death it was to be
paid to the persons who at that time might be her heirs at law; and further
provided that, if Julia should so elect, the fund might be invested in a house
and lot, which she might select, and which should be conveyed to her; with a
further declaration that Julia should enjoy the same free from the control of
her husband.

Testatrix's house and lot have been sold. Julia's husband is dead, and on
bill to compel the executors to pay over to her absolutely the $3,000—*Held*,
that since Julia could require the executors to purchase a house and convey
it to her, for her sole and absolute use and disposition, she is entitled to have
the $3,000 paid to her directly and absolutely.

Bill for relief.   On bill and answer.

*Messrs. Guild & Lum*, for complainant.

*Mr. F. K. Howell*, for defendants.

THE CHANCELLOR.

Julia Ann Sommer, deceased, late of Newark, by her will,
dated April 6th, 1872, gave power to her executors to sell her
house and lot in Mulberry street, in that city, and provided that
when it should have been sold, $3,000 of the proceeds of the sale
should be set apart for the sole and separate use of her daughter
Julia (then the wife of George W. Courter, now deceased), who was
to receive the interest and income thereof during her natural life,
and at her death it was to be paid to the persons who at that time
might be Julia's heirs at law.   And she further provided that if
Julia should so elect, the fund might be invested in a house and
lot, which she might select, in which case the conveyance of the

house and lot should be made to her.    And the testatrix declared
that it was her intention that Julia should enjoy the same free
from the control of her husband.    The testatrix's house and lot in
Mulberry street have been sold, and the $3,000 given to Julia
are now in the hands of the executors.    By her bill in this suit
she prays that the fund may be paid over to her.    As above in-
dicated, she is now a widow.    It is obvious that she has the right
to require that the money shall be invested in a house and lot,
and that the conveyance be made to her to her own use.    It is
equally obvious that in such case she could forthwith sell and
convey the property, and take to her own use, absolutely, the pro-
ceeds of the sale.    When the interest or income of a fund is given
to one for life with a limitation over, and the gift is accompanied
with a power to the donee of absolute disposition of the fund
during life, the donee will be held to be entitled to the fund ab-
solutely, for he is the equitable owner of it absolutely.    In *Bar-
ford* v. *Street, 16 Ves. 135,* where there was a devise of real and
personal estate, in trust, to pay the rents, dividends &c., to the
separate use of a married woman for life, and after her decease
to convey as she should, by deed or will, limit or appoint, with a
limitation over in case of her death in the lifetime of the testa-
trix, or in default of such direction, limitation or appointment,
it was held, notwithstanding the codicil to the will indicated an
intention that the estate should remain in the hands of the trus-
tee for the devisee's life, with powers inconsistent to a great
degree with the supposition of her having or being able to ac-
quire the absolute interest, that the gift was absolute, on the
ground that the devisee had, by the will, full and unlimited power
to dispose of the estate in her lifetime, by deed or will, and that
therefore the whole equitable fee was subject to her disposition.
In *Irwin* v. *Farrer, 19 Ves. 86,* a legacy was given to a trustee
on special trust to invest it in government securities, and pay the
dividends from time to time to the testatrix's niece, and after her
death to pay the principal to such person as she should, by will
or otherwise, appoint; but if she should be desirous at any time
to purchase an annuity for her life with the legacy, she should
be at liberty to do so, provided the annuity should be purchased

6

with the approbation of the trustees; and it was also provided that she should not have power to sell the annuity. It was held that she had absolute power of disposition over the whole fund, and that the demand by bill was a sufficient indication of her intention to take the whole for her own benefit, and the execution of a formal appointment was unnecessary.

In the case under consideration, the testatrix undoubtedly intended to secure to the legatee the use of the fund as against her husband so long as it remained uninvested in real estate, but meant to give her the absolute control of it to invest it at her pleasure in real estate, to her own use absolutely. This is manifestly equivalent to a provision that she may at will take the fund into her own hands for her own use absolutely. She will not be compelled, in order to obtain the benefit of the provision, to convert the fund into real estate, and then to sell that (perhaps at a sacrifice), but the fund will be given to her directly. There will therefore be a decree that, after deducting the costs of this suit, which are to be paid thereout, it be paid over to her.