Dodson v. Sevars.

---

TRUMAN M. DODSON and CHARLES M. DODSON, surviving partners of Weston Dodson & Company,

*v.*

JAMES SEVARS and GEORGE PRICE, surviving executors of the will of James Taylor, deceased; JOHN SEVARS, individually and as administrator of the estate of Ella F. Davis; MARY E. SEVARS, SARAH M. PRICE, WILLIAM F. T. LAWTON, MARY A. T. LAWTON, ELLA F. T. LAWTON and THOMAS T. LAWTON, legatees under the will of James Taylor, deceased.

1. A creditor of a decedent whose claim was not in due time presented to the executors, and who is bound by a decree of the orphans court, in pursuance of the statute (*Rev. p. 764 § 62*), may nevertheless maintain an action

against the executors for payment of a ratable portion of his debt from any legacy or legacies which shall not have been paid over by the executors or have been attached in their hands.

2. Such a creditor may go into equity for discovery of such assets in the hands of the executors, and, when there, will be permitted to establish the validity of his claim and have it satisfied so far as the assets discovered may lawfully be resorted to.

3. When an executor delivers a specific legacy, bequeathed to one for life and to another absolutely after the life estate, to the life tenant, taking a proper receipt or inventory for the taker in remainder, he is discharged from any further duty or liability with reference to the legacy.

4. Where there is an absolute gift of property for an indefinite time, with unlimited power of alienation, a gift over of that which remains undisposed of at the death of the person to whom the property is given, is void.

On demurrers to bill.

The bill alleges that the estate of James Taylor is indebted to the complainants in the sum of $12,749.56, the indebtedness arising from eight promissory notes made by one Isaac Davis to the order of James Taylor, and endorsed by Taylor and transferred to the complainants for value prior to the maturity of the notes; that James Taylor died at Trenton on August 17th, 1887, before any of the notes became due; that when the notes became due they were protested for non-payment, and notice of the protest of each was sent to "James Taylor" at his late residence, although he was dead and six of the notes became due and were protested after his will was proved and letters testamentary had issued to Isaac Davis, James Sevars and George Price, the executors thereof; that by such will Mr. Taylor bequeathed his personal property contained in his residence, except money and vouchers and securities for money, together with the income from his interest in the Trenton Flint and Spar Company, to his wife, Mary A. Taylor, for life, and after her death to Ella F. Davis. The residue of his personal estate he gave to his widow absolutely, providing that if she should leave any of it undisposed of at her death his executors were to sell such remnant, together with specified real estate, situate on the corner of Taylor and Mercer streets, in Trenton, and divide the proceeds equally between Ella F. Davis, Sarah M. Price, Mary E.

Sevars and the children of Joseph Lawton, to wit, William F. Lawton, Mary A. T. Lawton, Ella F. T. Lawton and Thomas T. Lawton; that said will was admitted to probate October 31st, 1887; and on the same date an order to limit the time within which creditors were to present their claims to the executors was made; that on the 13th of August, 1888, the orphans court of Mercer county made its decree barring creditors who had not presented their claims; that on the 30th of July, 1888, an inventory of the estate was filed, exhibiting its value to be $63,681.50; that on the 28th of September, 1888, the executors filed an account, final so far as the indebtedness of the estate presented to them was concerned, in which they charged themselves $64,544, and asked allowance for $3,144.40 disbursements, exhibiting a balance of $61,391.60 in their hands; that such account was allowed by decree of the orphans court on October 22d, 1888; that Isaac Davis, one of the executors, died on the 27th of August, 1891; that Ella F. Davis died intestate, without husband or children—her father, John Sevars, being her next of kin—on the 25th of April, 1892; that Mary A. Taylor died on the 2d of May, 1892; that the executors paid to Mary A. Taylor " the property or some part thereof" which was bequeathed to her for life, and also " the personal property or some part thereof" which was bequeathed to her absolutely, and failed to take from her a refunding bond; that Mary A. Taylor, at her death, left a large amount of that part of the estate which was left to her absolutely undisposed of; that on the 18th of May, 1892, nearly four years after the decree barring creditors, the complainants presented their claim to James Sevars and George Price, the surviving executors; that on the 7th day of May, 1892, John Sevars, the father of Ella F. Davis, was duly granted letters of administration of the estate of Ella F. Davis; that the executors of the will of James Taylor have not taken possession of that part of Mr. Taylor's estate which was left to his wife absolutely and was undisposed of by her during her life, and such part of the estate is being wasted; that the property left to Mary A. Taylor for life consisted of the household furniture of James Taylor; that John Sevars has taken possession of it as

administrator of the estate of Ella F. Davis and is using it; that the executors of James Taylor's will, intending to cheat and defraud the complainants and to neglect and violate their duty, permit John Sevars to take and use that property; that James Sevars, George Price and John Sevars are pecuniarily irresponsible; that the complainants fear that John Sevars will sell the furniture or destroy or damage it, and that the executors of James Taylor will lose or waste the estate; that no legacies except that to Mary A. Taylor have been paid and no refunding bonds have been taken.

Upon these allegations of fact the complainants pray:

*First.* That James Sevars and George Price, surviving executors, may be restrained by injunction, (1) from disposing of assets of the estate of James Taylor, and (2) from exercising the duties of their office.

*Second.* That John Sevars may be restrained from using in his household and from selling or disposing of the property mentioned as being in his hands and belonging to the estate of James Taylor.

*Third.* That John Sevars may account for the value of said property in his hands which belongs to the estate of James Taylor, and the depreciation in value of it by his use.

*Fourth.* That he may be decreed to deliver it up.

*Fifth.* That an account of the transactions and dealings of the executors with respect to the assets of the estate may be taken, in which the executors shall be charged, because of their neglect to take a refunding bond, with the value of the property given to Mary A. Taylor absolutely and for life.

*Sixth.* That the land on the corner of Taylor and Mercer streets, in the city of Trenton, be sold under the direction of this court, and that the proceeds of sale be applied to pay the complainants' claim.

*Seventh.* That the surviving executors may be removed from office.

*Eighth.* That a receiver may be appointed to take possession of the assets of the estate of James Taylor, deceased.

*Ninth.* That the complainants' claim may be declared to be a charge on the assets of that estate.

*Tenth.* That the complainants may be paid from those assets.

*Eleventh.* That the defendants, or some of them, may be compelled to pay the complainants' debt.

*Twelfth.* That the complainants may have further relief if equitable.

The surviving executors, John Sevars, individually and as administrator of Ella F. Davis, Mary E. Sevars, Sarah M. Price, William F. T. Lawton, Mary A. T. Lawton, Ella F. T. Lawton and Thomas T. Lawton, legatees, are made the defendants.

To the bill, John Sevars, in his own right and as administrator of Ella F. Davis, by his demurrer, and James Sevars and George Price, surviving executors of the will of James Taylor, deceased, by their joint demurrer, and Mary E. Sevars, Sarah M. Price and William F. T. Lawton, legatees, by their joint demurrer, demur upon two general grounds—*first,* want of equity, and *second,* because the bill is multifarious.

For the remaining defendants, who are infants, the clerk of the court, as their guardian *ad litem,* has filed a formal answer.

*Mr. William M. Lanning,* for John Sevars, demurrant.

*Mr. G. D. W. Vroom,* for James Sevars and George Price, surviving executors &c., Mary E. Sevars, Sarah M. Price and William F. T. Lawton, legatees, demurrants.

*Mr. John H. Backes,* for the complainants.

THE CHANCELLOR.

The object of the complainants' bill is to secure payment of their claim by charging it, as far as may be, upon the assets of the estate of James Taylor which remain in the hands of the executors or are within their reach.

The executors have obtained a decree from the orphans court which bars the demands of creditors against them, and are protected by that decree from the complainants' recovery in this

action, except as to legacies in their hands which have not been paid over. *Rev. pp. 764, 765 §§ 62, 66.* Their failure to file refunding bonds is presumptive evidence that the assets have not been paid by them to legatees. *Rev. p. 765 § 68.*

The bill alleges that no refunding bond has been filed, and the complainants rely upon the presumption which arises from that fact to charge the executors with having the entire estate yet in hand.

On the part of the executors it is urged that the bill admits, to some extent, that the estate has been paid over to legatees. But the difficulty in this contention is that it does not appear what that partial extent is. The admission of payment over is indefinite. The allegations are that the property which was bequeathed to Mrs. Taylor for life, "or some part of it," and also that which was bequeathed to her absolutely, "or some part thereof," was paid over to her, and further, that she left a large amount of the property which was bequeathed to her absolutely undisposed of at her death, the exact amount being unknown to the complainants, which the executors of James Taylor have negligently failed to collect and take into their custody, and also that the property which was bequeathed to Mrs. Taylor for life, with remainder over to Ella F. Davis, consisted of the household furniture in her husband's residence which she used during her life, and that the executors have neglected to take that property into their custody, but, on the contrary, have suffered John Sevars, the father of Ella F. Davis and administrator of her estate, to take it into his possession. Thus the bill impliedly admits the paying over, the implication being that all the estate went to Mrs. Taylor except possibly some portion of that which was bequeathed to her absolutely and the real estate on the corner of Taylor and Mercer streets, which, at her death, was to be sold by the executors. But the allegation from which the admission is had is indirect, uncertain and inquisitive in character, and until the discovery of particulars be had through the defendants' answers, it should not be allowed to defeat or injuriously affect the complainants' suit, and besides it does not go to a complete payment over, and therefore that which is not

admitted to have been paid over is subject to the presumption stated.

A more serious defect, I think, is in the bill's assumption that the executors of James Taylor are bound in duty to recover possession of the property bequeathed both for life and absolutely to Mrs. Taylor and paid over to her, for the purpose of distributing it to the estate of Ella F. Davis and Sarah M. Price and others, referred to in the will, respectively, or for any other purpose.

Having delivered over the life legacy, in due course, taking a proper receipt or inventory to the remainderman, as must be presumed, no suggestion being made to the contrary, the executors were discharged from any further duty or liability with reference to it. Thereafter it became the care of the person who was to take in remainder to see that the *corpus* thus delivered was not consumed or wasted. *1 Rop. Leg. 316; Lynde* v. *Estabrook, 7 Allen 68, 72; Hunter* v. *Green, 22 Ala. 329; Weeks* v. *Jewett, 45 N. H. 540; Executors of Howe* v. *White, 1 C. E. Gr. 411, 416.* They might have required security for the benefit of the remainderman, but were not required to do so. *Rev. p. 582 § 8; In re Ryerson, 11 C. E. Gr. 43.*

The bill stated that the remaining personalty was bequeathed absolutely to Mrs. Taylor, with the proviso added that if she should die intestate, leaving any part of it undisposed of, then the executors were to convert it into money and distribute it.

This statement of the will shows an absolute gift, for an indefinite time, with unlimited power of alienation. Such a gift is construed to carry to its recipient absolute ownership, and a gift of that which remains undisposed of, over, is held to be void. *McClellan* v. *Larchar, 18 Stew. Eq. 17; Rodenfels* v. *Schuman, 18 Stew. Eq. 383; Wilson* v. *Wilson, 1 Dick. Ch. Rep. 324.*

Thus, a large portion of the estate appears, by the bill, to be without the possession or reach of the executors.

Yet the bill shows that some part of the estate has not been delivered to Mrs. Taylor, and it seeks the discovery of and accounting for that part as well as for the other. It also seeks to subject real estate, which the will orders now to be converted

into money by the executors and distributed to legatees, to the payment of its proper proportion of the complainants' claim. It alleges that the executors of James Taylor are insolvent and intent on preventing recovery by the complainants, and it consequently seeks to restrain their disposition of the estate, and to have it reduced to moneys through the instrumentality of this court and applied to the payment of the complainants' claim. I regard it to be fully established that such a suit is within the jurisdiction of this court, even though the complainants' claim may not be established at law. *1 Story Eq. Jur.* § *546; Frey* v. *Demarest, 1 C. E. Gr. 236, 239; Kennedy* v. *Cresswell, 101 U. S. 641; 2 Wms. Ex. 1718, 1719; Thompson* v. *Brown, 4 Johns. Ch. 619, 631.*

It is observed that the defendants are the surviving executors of James Taylor—John Sevars individually and as administrator of the estate of Ella F. Davis, Sarah M. Price, Mary E. Sevars and the children of Joseph Lawton.

The surviving executors of James Taylor are made parties so that an account may be had of their dealings with the assets of their testator's estate, the assets with which they are chargeable may be had from them, they may be restrained from further acting as executors and may be removed from office. Sarah M. Price, Mary E. Sevars, the children of Joseph Lawton, and John Sevars, as administrator of the estate of Ella F. Davis, are made parties because they are each entitled to some share in the proceeds of the real estate, to be converted into cash, which is sought to be charged with a proportional payment of the complainants' claim, and are concerned that the executors shall be fully charged for assets which came to their hands, or should have been collected and shall not be unduly credited, for, as the balance which was available for legacies may be increased, the proportional charge in this suit against the legacies that have not been paid over will be decreased. John Sevars, individually and also as administrator, is further made a party because he is alleged to have in his possession part of the assets which were paid over to Mrs. Taylor. It is thus perceived that all the defendants, except John Sevars individually, are interested in

the proposed accounting of the executors and the proposed disposition by this court of the assets not paid, in the place of the executors, and it follows that they are also interested in the incidental restraint of action by the executors, the removal of the executors from office, if that be possible by this court (*Leddel's Executor* v. *Starr*, *4 C. E. Gr. 159*), and the appointment of a receiver of the assets. All the defendants are interested in the prayer that they or some of them may be compelled to pay the complainants' claim. But John Sevars individually is not interested or concerned either in the proposed accounting of the surviving executors, or in the court's assumption of their duties and the incidental restraint of their action, or in the removal of the executors, or in the appointment of a receiver of the assets of the estate. He is interested only in the accounting which is sought to be had from him for the property which he had from Mrs. Taylor, which, as has been seen, was paid over to her and either belonged to her absolutely or was to go from her directly to the taker in remainder, concerning which the executors have no duty to perform and which is not within their reach, and in the prayer that the defendants, or some of them, may be decreed to pay the complainants' claim. As the complainants can only recover from him assets which are held by him for the executors or which the executors may recover from him, and it does not appear that he has assets of that character, the complainants do not show any equity against him for the recovery of any portion of their claim. Hence, the bill fails to show any equity against him individually. The remaining defendants, including John Sevars as administrator, are proper, if not necessary, parties to the suit.

Upon the question whether the bill is multifarious, the statement already made of the interests of the several parties shows that, with the exception of John Sevars in his individual capacity, they are all interested in all material parts of the relief sought. The determination already reached, that the bill fails to make a case against John Sevars individually, precludes the necessity of considering whether the bill is multifarious as to him. As to the others, it is not multifarious.

The demurrers will be overruled, except so far as John Sevars individually is concerned, and as to him, in that capacity, his demurrer will be allowed.