In re estate of JACOB J. VREELAND, deceased.

[Argued February Term, 1904. Filed May 10th, 1904.]

1. A will giving to A. a sum of money in trust, the interest to be paid to A. annually, and after her death the principal sum to be divided among her children, vested a life interest in the legacy in A., and a right to the legacy itself in her children, on her death, the children's interest being vested, subject only to be opened to let in after-born children.

2. While a *cestui que trust* may be invested with the powers of and permitted or required to act as a trustee, yet his interest as *cestui que trust*, especially when it is for life only, being at variance with his duty as trustee, courts will not adopt a construction of a will involving such conflict of interest unless the testator's intent to accomplish such result is clear.

3. A will giving to A. a sum of money in trust, the interest to be paid to A. annually, and after her death the principal sum to be divided among her children, created a trust in A., though she was also *cestui que trust*, and entitled her to receive the fund from testator's executors and hold it on the trusts specified.

On appeal from the orphans court of Somerset county.

*Mr. Horace Coddington,* for the appellant.

*Messrs. Bartine & Beekman,* for the respondents.

MAGIE, ORDINARY.

Jacob M. Vreeland and Jacob Vreeland, Jr., executors of Jacob J. Vreeland, deceased, exhibited to the orphans court of Somerset county their final account, and thereby disclosed a balance in their hands of $11,761.64. They appended thereto a list of securities in which they had invested funds, which they claimed to hold in trust under the will of the deceased.

Catharine Jane Schultz and Jennie W. Kenyon, legatees under said will, excepted to said account on two grounds: (1) That the executors had not accounted for interest accumulated on their legacies, and (2) that the executors had invested their legacies, which the executors claimed to hold in trust, when the will created no trust of such legacies in the executors.

Jennie W. Kenyon appealed from the decree of the orphans court, and now insists that, by the terms of the will of Jacob J. Vreeland, she became entitled to a specific legacy, payable to her in trust, and that the executors should have accounted for all interest accrued thereon, at least after one year from the death of the testator.

The clause of the will of Jacob J. Vreeland brought into question by this appellant is in these words:

"*Fourteenth.* I give to Jennie W. Kenyon, wife of George W. Kenyon, of New York City, in the State of New York, the sum of two thousand dollars, in trust, the interest to be paid to Jennie W. Kenyon annually, and after her death the principal sum of two thousand dollars to be divided among her children share and share alike."

In re Vreeland.

The plain intent of testator is thus disclosed to vest in Mrs. Kenyon a right to the interest of the legacy during her life, and to vest in her children a right to the legacy itself upon her death.  The children's right is now vested, subject only to be opened to let in the right of after-born children.  Both Mrs. Kenyon and her children are *cesluis que trustent* of the fund.

That a *cestui que trust* may be invested with the powers of, and may be permitted, and even required, to act as a trustee, seems settled.  *Story* v. *Palmer, 1 Dick. Ch. Rep. 1; Cruikshank* v. *Parker, 7 Dick. Ch. Rep. 310; 1 Perry Trusts § 59.*  As the situation of a trustee, who is also *cestui que trust,* especially when his interest is for life only, may raise a conflict between the trustee's duty and his interest, courts will not adopt a construction of a will which will involve this difficulty unless the testator's intent is clear.  In *Parker's Executors* v. *Moore, 10 C. E. Gr. 228,* a will was under consideration whereby there was a bequest to a daughter of the testator of a sum of money, the interest of which was to be paid to her during her life and the principal to her children at her decease.  This was deemed capable of being construed, and was construed, as a bequest to the daughter for life only, and it was held that the principal sum was not to be paid to her, but to be held by the executors in trust. The executors, desiring to be relieved of the trust, were discharged therefrom, and the fund was administered by the court, and since my advent to office as chancellor, and upon the daughter's death, has been distributed under the provisions of the will.

But the clause now before us manifestly differs from that contained in the Parker will.  Here is an express gift to Mrs. Kenyon, and it is expressed to be a gift in trust.  If she were not a *cestui que trust,* there could be no possible question as to testator's intent.  A bequest to her in trust for a stranger or for her children must have been construed as creating a trust in her, and entitling her to take the fund from the executors and hold it on the trusts specified.

I am unable to construe this clause otherwise than as creating a trust in Mrs. Kenyon.

It is not intended to indicate that she may not be compelled to give security for the fund for the protection of the *cestui que trustent,* who will have the right to the *corpus* thereof at her death.   It is sufficient to dispose of this appeal to say that the theory that the executors, by implication, took this legacy in trust, on which the account was made up and its allowance decreed, is erroneous.   It ignores the express provision made by the testator.

It results that the exceptions should have been allowed, and the decree confirming the account must be reversed.