CARRIE J. KOMP

*v.*

GEORGE THOMAS, administrator, &c.

[Decided December 14th, 1912.]

1. A devise of an estate, generally, with a power of disposition absolutely and without limitation, imports such dominion over the property that an estate in fee is created, and any devise over is void

2. Under a will giving one-half of the residue of testatrix's estate to a daughter for life, with the right to use and dispose of so much thereof, in addition to the income, as she might deem necessary for her comfortable support, and upon her death such share or so much as then remained to another daughter, the first taker had a life estate with the right to use what might be deemed necessary for her comfortable support; such construction applying as well to personalty as to realty.

---

*Messrs. Collins & Corbin,* for the complainant.

*Mr. Frank A. Boettner,* for the defendant.

GARRISON, V. C.

This is a suit by Carrie J. Komp, who is the daughter of Caroline M. Wood, and is against George Thomas, who is adminis-

trator of his wife, Agnes E. Thomas, deceased, said Agnes being a sister of Carrie J. Komp, the complainant.

The purpose of the suit is to obtain an accounting from the defendant with respect to certain property which was in the possession of his decedent, his wife, at the time of her death. The proper disposition of the case depends upon the construction to be placed upon the will of Caroline M. Wood. The clause of the will in question reads as follows:

"*Fifth.* One half of all the rest and residue of my estate, real, personal or mixed, I give, devise and bequeath to my daughter, Agnes E. Thomas, wife of George Thomas, for and during the term of her natural life with the right to use and dispose of so much of said Estate in addition to the income, rents, issues and profits thereof, as she may deem necessary for her comfortable support and maintenance, and upon the death of my said daughter, Agnes E. such share of my said residuary estate, or so much thereof as then remains, I give to my daughter, Carrie J., wife of Frederick Komp, if then living for the term of her natural life, and with the right to use and dispose of so much of the same in addition to the income, rents, issues and profits thereof, as she may deem necessary, and upon the death of both of my said daughter, Carrie J. and my said daughter Agnes E., then forever to such of the children of my said daughter Carrie as shall then be living and to the issue of any such of my said daughter Carrie's children as may, prior to that time have died, leaving issue, such issue to take *per stirpes* the share that such deceased child of my said daughter Carrie should have taken under this will, if then living."

The one-half of the remainder above provided for passed into the possession of Agnes E. Thomas, and remained in her possession during her lifetime, she expending the income and portions of the principal. The contention of the complainant is that the proper construction of the clause in question gave to the said Agnes E. Thomas a life estate in the property thus devised to her, and then a life estate in the same property (or what remained thereof) to complainant, and then a remainder over, with which latter we are not concerned.

The insistence of the defendant is that a proper construction of the will in question results in vesting the entire interest devised to Agnes E. Thomas in her absolutely without remainder over; his argument being that the power to dispose of the property being without qualification or limitation, indicates an intention to give a fee, and will be so construed.

The case has been so entirely and satisfactorily disposed of by the principle established and enforced in the court of errors and appeals in this state that it is only necessary to cite one such authority—*Wooster* v. *Cooper* (*Court of Errors and Appeals, 1895*), *53 N. J. Eq.* (*8 Dick.*) *682.* In that case (at *p. 684*) the court said:

"It" [the will] "gives to his wife, by express words, a life estate in his property, and then annexes to it a power to dispose of the same without qualification or limitation. The rule that a devise of an estate, generally, with a power to dispose of the same absolutely and without limitation, imports such dominion over the property that an estate in fee is created, and that a devise over is consequently void, has one exception, which is this: That where the testator gives an estate for life only, by certain and express words, and annexes to it such a power of disposal, the devise for life will not become an estate in fee."

This case also is authority that the same principle applies to bequests of personal estate as well as devises of realty.

It is unnecessary to burden this opinion with the numerous cases subsequently decided in this state which recognize and enforce the principle as above expressed.

By reference to the main case and the notes next to be cited, it will be found that a similar principle is almost universally recognized and applied. *Steiff* v. *Seibert, 6 L. R. A.* (*N. S.*) *1186.*

The result is that Agnes E. Thomas will be held to have had a life estate with the right to use what may be deemed necessary for her comfortable support and maintenance; and that an account must be rendered by the defendant of the property, less such sums as may be found to have been necessary for the comfortable support and maintenance of the said Agnes E. Thomas.

This is in accordance with the finding in *Cox* v. *Wills, 49 N. J. Eq.* (*4 Dick.*) *130* (reversed in the court of errors and appeals, *Idem. 573,* upon other grounds, the court of errors expressly sustaining the vice-chancellor upon the point just adverted to).

I will advise a decree in accordance with the conclusions above expressed.