EMILY McDERMOTT et al., respondents,

*v.*

ARTHUR A. ZIMMERMAN, executor, &c., et al., appellants.

[Decided May 3d, 1918.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Foster, who filed the following opinion:

The bill seeks an accounting from defendant as executor of Theodore A. Zimmerman, deceased, for certain property claimed to be part of the estate of Annie M. Zimmerman, deceased.

In March, 1917, defendant, as executor of Annie M. Zimmerman, made a final accounting in the orphans court of Monmouth county, to which complainants filed exceptions, which after hearing were dismissed because the questions raised could not be considered and disposed of in such proceeding. Thereupon this bill was filed and it was stipulated that the testimony taken and exhibits used in the orphans court on the hearing of the exceptions should be used in these proceedings to determine the questions at issue without any further testimony being taken.

From this record it appears that on January 7th, 1908, Theodore A. Zimmerman and Annie M. Zimmerman, husband and wife, made mutual wills. Mrs. Zimmerman died February, 1912. In November, 1915, Mr. Zimmerman made a codicil to his will, and in August, 1916, he died. The complainant Emily Mc-

Dermott is their daughter and the complainant Carl McDermott is her son.

Both wills contained provisions similar to the following, which was copied from Mrs. Zimmerman's will:

"First: I hereby give, devise and bequeath unto my beloved husband Theodore A. Zimmerman, all my estate, both real and personal, of whatsoever kind or wheresoever same may be situate to have and to hold unto my said husband for and during the term of his natural life, with full power and authority to sell or otherwise dispose of, mortgage, or in any way encumber the whole or any part of said property, as he shall see fit.

"Second: Upon the death of my said husband I give and bequeath out of any of my estate which may remain unto my grandchildren, Theodore Zimmerman, Harold Zimmerman and Carl McDermott four hundred ($400) dollars each and to my grandchildren Carl Zimmerman and Anna M. Zimmerman one hundred ($100) dollars each.

"Third: All the residue of my estate, if any, I give, devise and bequeath to my three children, Harold Zimmerman, Emily McDermott and Arthur A. Zimmerman, equally to be divided among them, share and share alike."

By the codicil to his will, which Mr. Zimmerman executed after the death of his wife, he made some slight reductions in some of the bequests. The defendant Arthur A. Zimmerman was named and has qualified as executor of both wills.

On March 2d, 1912, he filed an inventory of Mrs. Zimmerman's estate showing that it consisted of household effects and bonds and mortgages amounting to $15,750.22, and on the same day, at the request of Theodore A. Zimmerman, the executor delivered to him all the property constituting Mrs. Zimmerman's estate, and in his accounting, filed on March 12th, 1917, the executor prays allowance for "all personal property delivered to Theodore A. Zimmerman, sole legatee or beneficiary under the will of Annie M. Zimmerman, deceased," for the above-mentioned value of the estate.

In January, 1917, defendant, as executor of Theodore A. Zimmerman, filed an inventory of his personal estate showing it to be valued at $16,053.56.

This controversy arises because complainants, who are entitled to the same interests in the estate of Mr. Zimmerman that they

are in that of his wife, who had no creditors, are fearful that the creditors of Mr. Zimmerman, including the defendant Arthur A. Zimmerman, may claim that the assets received by Mr. Zimmerman from his wife's estate are part of his estate, and that they will resort to and possibly exhaust such assets in the settlement of their claims against his estate.

It is conceded that Mr. Zimmerman's interest in his wife's estate was expressly limited to a life estate with power to sell or dispose of the whole or any part of it as he saw fit, and complainants claim that under the rule of *Borden* v. *Downey, 35 N. J. Law 74; S. C., 36 N. J. Law 460; Pratt* v. *Douglas, 38 N. J. Eq. 516,* and *Wooster* v. *Cooper, 53 N. J. Eq. 682,* that the annexing of the power of disposal to the certain and express words of the will limiting Mr. Zimmerman's estate for his life only, will not enlarge his interest so that he will receive the estate absolutely.

Defendant insists, however, that the circumstances present in this case except it from the general rule, because he claims that Mr. Zimmerman exercised the power of disposal given him by the will, by demanding and receiving as the life beneficiary the entire estate of his wife; and *Robeson* v. *Shotwell, 55 N. J. Eq. 318; affirmed* at *p. 824,* is relied on to support this contention. But I do not find this case to support this contention, or the facts to establish the exception claimed.

It appears from the record that at the time of his death, Mr. Zimmerman was in possession of the greater part of his wife's personal estate that he had received from her executor; that when the executor delivered her estate to him he did so by delivery merely, and did not formerly execute and deliver to him any assignments of the bonds and mortgages and other securities constituting the valuable part of her estate. It also appears that a few mortgages for small sums, and amounting to less than $1,000, were paid to Mr. Zimmerman, and that he had consented to the substitution of security for a bond and mortgage of $12,000 from one hotel property owned by one Mount to another hotel property owned by the Zimmerman Hotel Company, and that defendant, individually, owns all but two shares of the stock

of this company, and that at the time defendant delivered his mother's estate to his father he obtained no receipt therefor and his father refused to give him any.

From these facts I have reached the conclusion that Mrs. Zimmerman did not intend to bequeath an absolute estate to her husband, but gave him a life estate only, with a power of disposal during his life as he saw fit, and I also find that Mr. Zimmerman did not by the mere demand for and the receipt of her estate thereby exercise his power of disposal and in consequence enlarge her bequest of a life estate into an absolute gift. This latter conclusion is based on these considerations: The transfer of Mrs. Zimmerman's estate by her executor to her husband was merely the delivery of the possession of her securities to him as the life beneficiary; this occurred before her estate was administered or settled, and Mr. Zimmerman, as the legatee for life with absolute power of disposal, was entitled to their possession, if he desired them, as the bequest was made by testatrix's will to him personally, and not to her executor or in trust for him. The defendant as her executor could under the statute have refused to deliver them to him, unless he gave security for their return, but this he did not do. *Comp. Stat. p. 3089 § 8; Executors of Rowe* v. *White, 16 N. J. Eq. 411; Courter* v. *Howell, 33 N. J. Eq. 80; In re Ryerson, 26 N. J. Eq. 43; Dodson* v. *Sevars, 52 N. J. Eq. 611* (at *p. 617*). The demand for and receipt of his wife's estate by Mr. Zimmerman was merely the exercise of his right to their possession as the legatee for life, independent of the power of disposal given him by her will; and, judging from the result, this demand for the possession of her assets was probably made with the intent to preserve instead of to dispose of them. Had his demand for possession of the assets of the estate been made with the intention of disposing of them, it is reasonable to assume that he would have demanded the formal assignment of them to him in order to have evidence of his title to them. Furthermore, I find that Mr. Zimmerman, except to a very limited extent, never attempted to exercise the power of disposal given him by her will. The terms of this power are that he is to enjoy her estate for life, "with full power and authority

to sell, or otherwise dispose of, mortgage or in any way encumber the whole or any part of said property as he shall see fit."

From the proofs it appears he did not sell or otherwise dispose of the whole or any part of her property, or do any act in relation to it, with the exception of collecting the few small mortgages I have mentioned, and the proceeds of which can well be considered as part of his inventoried estate. It also appears that he did not mortgage or in any way encumber the whole or any part of the property; and it also appears that at the time of his death he was in possession of most, if not all, of her estate, in substantially the form in which he received it, and that the same is now in the possession of the defendant as his executor; and I regard it as significant that the inventoried value of his personal estate is but a few hundred dollars in excess of the value of his wife's estate turned over to him by her executor, and this excess can probably be accounted for as part of the unexpended income received from her investments. I am satisfied that Mr. Zimmerman, instead of intending or attempting to exercise the power of disposal granted him, exercised his control over his wife's estate to preserve it intact for the object of his wife's and his own bounty, and did not dispose of any part of it.

With the exception of the small mortgages he collected, I find Mr. Zimmerman did not exercise the power of disposal of her property given him by his wife's will, and that her declaration as expressed in her will can be carried into effect by holding that Mr. Zimmerman's estate in her property was not absolute, but was limited to his life, and that so much of her estate as remained undisposed of at his death should be distributed in accordance with the express provisions of her will.

A decree will be advised that the defendant individually and as executor of both wills account in this court for such undisposed portion of Mrs. Zimmerman's estate and make distribution thereof among those entitled thereto under the terms of her will.

*Messrs. John S. Applegate & Son,* for the respondents.

*Mr. Charles E. Cook,* for the appellants.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Foster.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—13.

*For reversal*—None.