George B. Raymond died January 16th, 1916, leaving a will and codicil admitted to probate by the surrogate of Morris county. The provisions of the will and codicil necessary for consideration here are that the testator gave to his wife, Elizabeth M. Raymond, the whole of his estate after payment of debts and legacies, for her life, subject to provisions *Page 396 
and charges hereafter stated and directed that the personal estate and proceeds of sale of real estate be invested by her. The income therefrom was charged with the support and maintenance of the testator's daughter, Lenita H. Raymond, until she married, and of the testator's son, Charles H. Raymond, until he became self-supporting, and the balance of income was given for the use of the testator's wife for life. The estate was then given to the testator's four children "subject to the life estate of my said wife" equally, with the direction that the share of each child should be transferred or paid to them immediately after the wife's death. The will named Elizabeth M. Raymond as executrix, with power to retain or change investments, reinvest and invest any part of the estate.
The testator left him surviving his said wife and his children, Lenita H. Raymond, Estelle R. Smith and Charles H. Raymond, and his grandchild, Lois M. Thurston, daughter of his deceased child, Lois R. Thurston. Letters testamentary were granted to Elizabeth M. Raymond, January 27th, 1916, and her final account as such executrix was allowed by the Morris county orphans court April 9th, 1917, which court allowed her commissions on corpus.
Elizabeth M. Raymond performed the duties imposed upon her under the will until her death, March 27th, 1926. Charles H. Raymond, one of the testator's children, died November 26th, 1924, leaving one child, namely, Charles H. Raymond, Jr. Lenita H. Raymond, another of said children, died April 8th, 1925, unmarried. The third child, Elizabeth R. Smith, is still alive.
Elizabeth M. Raymond left a will, admitted to probate by the Morris county surrogate, upon which letters testamentary were granted to Lauretta J. Raymond, May 5th, 1926, and said Lauretta J. Raymond, as executrix of Elizabeth M. Raymond, deceased, filed a final account of said trust estate of George B. Raymond, deceased, February 10th, 1928, with said surrogate, upon which accounting there were claimed and allowed by the Morris county orphans court to the estate of Elizabeth M. Raymond, commissions on the corpus of the *Page 397 
estate of George B. Raymond. On behalf of Lois M. Thurston, an infant, an appeal was taken to this court from the order of the orphans court allowing said commissions and the grounds of appeal will now be considered.
The first two grounds may be taken together. They are that the designation of Elizabeth M. Raymond as trustee of the estate of George B. Raymond was improper because she was in fact a life tenant and that the award to her estate of any commissions oncorpus, as trustee, was erroneous because she was in fact a life tenant and as such not entitled to commissions.
It is obvious that the testator intended his wife to have the possession and be charged with the management of his estate for her life, and if such possession and management in point of law denotes a trusteeship, it will be so considered, notwithstanding that the testator nowhere in his will designated it as a trust.Pitney v. Everson, 42 N.J. Eq. 361; In re Vreeland, 66 N.J. Eq. 297; In re Hibbler, 78 N.J. Eq. 217; affirmed, 79 N.J. Eq. 230; Caruso v. Caruso, 103 N.J. Eq. 487. A large estate was committed to her charge with directions to invest and keep invested the same, and the income therefrom was first charged with the support and maintenance of the testator's children, Lenita H. Raymond and Charles H. Raymond, and the balance of income was given to the use of the testator's wife for life, and then followed the direction that immediately upon her death the estate be transferred or paid to the testator's children. Thus the estate was held by Mrs. Raymond for the benefit of three individuals for her life and upon her death it was to be distributed. That Mrs. Raymond was a cestui que trust will not change the nature of the estate in her hands. In re Vreeland,supra. From the character of Mrs. Raymond's possession and management of the estate, from the duties which she was required to perform and from the liabilities which she was under with respect thereto, I conclude that she was a trustee and that her estate is entitled to be paid commissions upon the corpus of the estate which she held in trust, as compensation for her services as trustee. *Page 398 
The next ground of appeal is from the award of trustee's commissions of three per cent., amounting to $5,869.04, on thecorpus, for the reason that such sum is excessive and unwarranted by the services actually rendered.
The proctors of the parties stipulate it as a fact that upon the settlement of Mrs. Raymond's accounts as executrix, she was allowed $7,752.25 commissions and that such allowance was made on the sum of $247,234.70 of corpus which came to her hands as executrix. What the basis of computation was does not appear, but such commission exceeded three per cent. on her total principal receipts.
The account here in controversy charges the accountant with a balance transferred by Mrs. Raymond as executrix to herself as trustee —
April 9th, 1917 ............................................ $185,906.07
Proceeds of sales of securities above inventory value ...... 534.00
Proceeds of sales of rights to subscribe for stock ......... 5,060.73
Increase in value of securities over inventory or cost
 price .................................................... 20,818.24
Other receipts ............................................. 2,409.25
 ____________
 $214,728.29
On the other side of the account allowance is prayed
 for sums realized on securities sold below their
 inventoried value and securities inventoried in error .... 19,084.25
 ___________
 $195,644.04

so that the total sum which actually came to the hands of the trustee, or to the hands of her representative who accounted, was $195,644.04. The orphans court allowed trustee's commissions of $5,869.04, being three per cent. on $195,634.79 principal received during the period covered by the account. Under sections 128 and 129 of the Orphans Court act, allowance of commissions to a trustee is to be made with reference to the trustee's pains, trouble and risk in settling the estate rather than in respect to the quantum of the estate and according to the actual services rendered and (in an estate of this size) not exceeding the rate of five per cent. Considering *Page 399 
that as executrix Mrs. Raymond was allowed commissions at a rate exceeding three per cent. on the principal of the estate which came to her hands as such executrix and considering also the pains, trouble, risk and actual services rendered by the trustee as disclosed by the items of the account and the list of securities thereto annexed, I cannot approve the amount allowed by the orphans court.
The final ground of appeal is that trustee's commissions, if properly awarded, should have been based on the value of the estate as of the date of the death of Elizabeth M. Raymond, rather than on the value as of the date of the accounting. This objection is directed to the item of $20,818.24, increase in value of securities over inventory or cost price, less $19,084.25, loss on securities and affects commissions allowed on the difference, $1,733.99.
Upon the death of Elizabeth M. Raymond, trustee, the accountant as executrix under her will became entitled to the trust estate for the purpose of administering the same and the duty was cast upon her of settling the accounts of the deceased trustee for the period the trustee was in possession, as well as her own accounts arising out of her dealings with the trust estate. Gulick v.Bruere, 42 N.J. Eq. 639. Mrs. Raymond died March 27th, 1926, and the account by her executrix was filed February 10th, 1928, the value of the securities of the estate being fixed as of the latter date. There is no evidence before me to show whether their value was more or less at the date of Mrs. Raymond's death. Commissions to trustees are not to be computed upon mere money received but may be allowed on the money value of all personal property coming to the hands of the accountant as of the date of the accounting (Pomeroy v. Mills, 37 N.J. Eq. 578; Stein v.Huesmann, 38 N.J. Eq. 405), and therefore an allowance upon the net increase in value of the securities of the estate as of the date of filing of the account can, in this case, properly be made.
Finding $195,644.04 to be the total amount of corpus in the hands of the accountant, on $185,906.07 of which commissions at more than the rate of three per cent. were paid to Mrs. Raymond as executrix, I will allow her estate trustee's *Page 400 
commissions of three per cent. on $9,737.97, the increase of the trust estate, or $292.13, and one per cent. on $185,906.07, or $1,859.06, being a total of $2,151.19 commissions allowed, and I will disallow the balance of commissions as fixed by the orphans court.