Emma J. Dunkerley departed this life on December 11th, 1930, testate. Her will was duly probated before the surrogate of Passaic county, New Jersey. The provisions thereof which are pertinent to this cause, are its third and fourth paragraphs which read as follows:
"Third: All the rest, residue and remainder of my estate real and personal of whatsoever nature and wheresoever (sic) situate I give devise and bequeath to my husband William George Dunkerley for *Page 450 
his sole use and benefit during his life with full right and power to sell transfer and convey the same and use the whole or any part of said estate principal or interest, or the proceeds for his own use and benefit in any manner he may deem proper, the intention hereof being that he shall at all times use and enjoy the whole or any part of my said property or estate the same as if this devise and bequest was absolute.
"Fourth: At the decease of my said husband, I then give, devise and bequeath so much of said estate and property as shall remain, one-third thereof to my nephew Howard Trafton, one-third to my nephew Clifford Trafton, and one-third to the children of my nephew, Clifford Trafton; in case of the death of either nephew, his share to go to his children if any or if none to the other nephew or his children; in case of the death of the children of Clifford Trafton their share to be given to the said Clifford Trafton or if he be dead then to Howard Trafton or his children."
William George Dunkerley qualified as executor, and took possession and control of his wife's estate. He filed an inventory and account in the Passaic county orphans court which was allowed on June 11th, 1931; it shows a balance of $24,850.01. A decree allowing the account and directing the payment of commissions, counsel and surrogate's fees, amounting to $1,056.30, was entered, and a net balance of $23,793.71 remained. He made no further accountings. On January 25th, 1936, he died leaving a last will and testament in which he named the defendant The Hamilton Trust Company of Paterson as his executor. It qualified as such. Emma L. Bainbridge, the defendant, was named the sole residuary beneficiary in the will.
The complainant herein on August 31st, 1936, was named substitutionary administrator, with the will annexed, of the estate of the said Emma J. Dunkerley, deceased. The defendant The Hamilton Trust Company, executor as aforesaid, transferred to him as such administrator, assets of the estate of Emma J. Dunkerley, which had a value of $15,214.
The Hamilton Trust Company filed an inventory of the assets of the estate of William George Dunkerley in the office of the surrogate of Passaic county on September 16th, 1936; it showed assets of $15,230.21. Subsequently, it filed its final account, which was allowed on March 18th, 1937. It showed a balance of $15,561.25. On April 19th, 1937, it had on *Page 451 
hand a balance of $14,614.41, which it paid to the defendant Emma L. Bainbridge.
The complainant alleges that assets of the estate of Emma J. Dunkerley, which were held by William George Dunkerley, as tenant for life only, were commingled with the assets of the estate of William George Dunkerley, and were improperly distributed to the defendant Emma L. Bainbridge by the defendant The Hamilton Trust Company. He here seeks an accounting from that defendant trust company, and also from the defendant Emma L. Bainbridge, the beneficiary named in the will.
It is alleged that William George Dunkerley, in effect, was a trustee for the complainant, and chargeable as such with the property and assets of the estate of Emma J. Dunkerley, deceased, excepting so much thereof as was used by him during his lifetime as authorized by the said will, and the bill prays that such a determination be made. The bill further seeks that The Hamilton Trust Company be ordered and decreed to make a full and true accounting, disclosure and discovery of its administration of the property so determined to have been held by William George Dunkerley upon the aforesaid trust; and that a similar accounting and disclosure be made by the defendant Emma L. Bainbridge, with respect to the period subsequent to April 19th, 1937, the date upon which distribution was made to her.
The third and fourth provisions of the will of Emma J. Dunkerley have been construed by the court of errors and appeals, in Trafton v. Bainbridge, 125 N.J. Eq. 474; 6 Atl. Rep.
2d 209, to have vested in William George Dunkerley a life estate.
The answer of the defendant The Hamilton Trust Company admits the material allegations of the complaint, but alleges that the assets received by William George Dunkerley from the estate of his wife, were expended by him in his lifetime, as he was privileged to do under the terms of his wife's will, excepting the sum of $15,214 delivered to the complainant as aforesaid. It denies that William George Dunkerley held the assets of his wife's estate as trustee. It also charges *Page 452 
that the complainant is guilty of laches; and, also, that he is bound by the decree of the Passaic county orphans court made on September 28th, 1936, barring creditors in the estate of William George Dunkerley, deceased.
The defense of laches set up by the defendant trust company is alleged only against the interest of the complainant, Howard Trafton, who has a one-third interest in the estate of Emma J. Dunkerley, deceased. The other interests are vested in infants.
On the question of the defendant trust company's allegation of laches, it is pertinent to observe that the complainant was appointed substitutionary administrator of the estate of Emma J. Dunkerley on August 31st, 1936. The defendant trust company filed its final account as executor of William George Dunkerley's estate on March 18th, 1937, and gave notice thereof to Emma L. Bainbridge only. Distribution to Emma L. Bainbridge was made on April 19th, 1937. The bill herein was filed on March 9th, 1938. It is apparent, therefore, that the complainant's "right" arose, or became vested, on April 19th, 1937, the day distribution was made to defendant Emma L. Bainbridge. The time elapsing between when his "right" arose, and this proceeding to assert it, was slightly less than a year. There is no place in the evidence which indicates that the complainant delayed or neglected to prosecute his rights in the instant case. I am satisfied that the complainant was alert and acted with due diligence and, therefore, is not guilty of laches.
I am not in accord with the contention of the defendant trust company that the complainant is excluded in this action by the decree of the Passaic county orphans court barring creditors in the estate of William George Dunkerley. The complainant was, and is, not a creditor. He is a beneficiary under the will of Emma J. Dunkerley. Consequently, he was not required to present a "creditor's claim" to the trust company as executor of the estate of William George Dunkerley.
All the circumstances in the instant case point to the conclusion that William George Dunkerley as executor of the will of Emma J. Dunkerley, deceased, and as life tenant thereunder, *Page 453 
was ex officio trustee for the remaindermen. His position under his wife's will so implies and the decisions of the courts of this state so determine. Schenck v. Schenck, 16 N.J. Eq. 174.
See In re Hibblers Estate, 78 N.J. Eq. 217; 78 Atl. Rep. 188.
In the case of Cox v. Wills (Court of Chancery), 49 N.J. Eq. 130; 22 Atl. Rep. 794; (Court of Errors and Appeals),49 N.J. Eq. 573; 25 Atl. Rep. 938; the principles therein expressed apply to the present situation. In that case, the court of errors and appeals reversed the court of chancery. It, however, said:
"That she should have kept the trust fund received from her husband's estate separate from her own, and charged the expense of her maintenance to this fund, is now evident. * * * Equity will follow and separate them, and will put upon the trustees the burden of distinguishing what is his. Central Bank of Baltimore
v. Connecticut Mutual Life Insurance Co., 104 U.S. 54; PerryTrusts § 447. It is evident that she supposed the bequest of the residue of the estate by her husband's will gave her an absolute title, and this seems to have been so doubtful to the minds of those who are settling her estate, that they have called upon the court to remove the uncertainty before they will make distribution. What she has not done the court must now do, and there is no difficulty on the proofs that have been offered in stating the account, showing her receipts from the investments of moneys belonging to her husband's estate, and the amount she has used for her comfortable maintenance, from the time the balance came to her hand, as trustee, on the settlement of the final account in the orphans court. If there is any doubt as to the reasonableness of her expenditures, further proofs may be taken on reference to state the account. Her own estate and its accumulations, by this accounting, will be separated from the general funds in the hands of the executors of her will, and can be distributed under it." See Komp v. Thomas, 81 N.J. Eq. 103;85 Atl. Rep. 815.
The case of McDermott v. Zimmerman, 89 N.J. Eq. 215;108 Atl. Rep. 7, is in some respects similar to the issue herein. *Page 454 
I take the liberty of extensively quoting the court which, in part, said:
"From these facts I have reached the conclusion that Mrs. Zimmerman did not intend to bequeath an absolute estate to her husband, but gave him a life estate only, with a power of disposal during his life as he saw fit, and I also find that Mr. Zimmerman did not by the mere demand for and the receipt of her estate thereby exercise his power of disposal and in consequence enlarge her bequest of a life estate into an absolute gift. This latter conclusion is based on these considerations: The transfer of Mrs. Zimmerman's estate by her executor to her husband was merely the delivery of the possession of her securities to him as the life beneficiary; this occurred before her estate was administered or settled, and Mr. Zimmerman, as the legatee for life with absolute power of disposal, was entitled to their possession, if he desired them, as the bequest was made by testatrix' will to him personally, and not to her executor or in trust for him. The defendant as her executor could under the statute have refused to deliver them to him, unless he gave security for their return, but this he did not do. Comp. Stat.p. 3089 § 8; Executors of Rowe v. White, 16 N.J. Eq. 411;Courter v. Howell, 33 N.J. Eq. 80; In re Ryerson, 26 N.J. Eq. 43; Dodson v. Sevars, 52 N.J. Eq. 611 (at p. 617). The demand for and receipt of his wife's estate by Mr. Zimmerman was merely the exercise of his right to their possession as the legatee for life, independent of the power of disposal given him by her will; and, judging from the result, this demand for the possession of her assets was probably made with the intent to preserve instead of to dispose of them. Had his demand for possession of the assets of the estate been made with the intention of disposing of them, it is reasonable to assume that he would have demanded the formal assignment of them to him in order to have evidence of his title to them. Furthermore, I find that Mr. Zimmerman, except to a very limited extent, never attempted to exercise the power of disposal given him by her will. The terms of this power are that he is to enjoy her estate for life, `with full power and authority to sell, or *Page 455 
otherwise dispose of, mortgage or in any way encumber the whole or any part of said property as he shall see fit.'
"From the proofs it appears he did not sell or otherwise dispose of the whole or any part of her property, or do any act in relation to it, with the exception of collecting the few small mortgages I have mentioned, and the proceeds of which can well be considered as part of his inventoried estate. It also appears that he did not mortgage or in any way encumber the whole or any part of the property; and it also appears that at the time of his death he was in possession of most, if not all, of her estate, in substantially the form in which he received it, and that the same is now in the possession of the defendant as his executor; and I regard it as significant that the inventoried value of his personal estate is but a few hundred dollars in excess of the value of his wife's estate turned over to him by her executor, and this excess can probably be accounted for as part of the unexpended income received from her investments. I am satisfied Mr. Zimmerman, instead of intending or attempting to exercise the power of disposal granted him, exercised his control over his wife's estate to preserve it intact for the object of his wife's and his own bounty, and did not dispose of any part of it.
"With the exception of the small mortgages he collected, I find Mr. Zimmerman did not exercise the power of disposal of her property given him by his wife's will, and that her declaration as expressed in her will can be carried into effect by holding that Mr. Zimmerman's estate in her property was not absolute, but was limited to his life, and that so much of her estate as remained undisposed of at his death should be distributed in accordance with the express provisions of her will.
"A decree will be advised that the defendant individually and as executor of both wills account in this court for such undisposed portion of Mrs. Zimmerman's estate and make distribution thereof among those entitled thereto under the terms of her will."
The trend of the decisions in this state leads to the conclusion that a life tenant, with or without the power of disposal, *Page 456 
is a trustee for the benefit of the remaindermen. Pitney v.Everson, 42 N.J. Eq. 361; 7 Atl. Rep. 860; Hunt v. Smith,58 N.J. Eq. 25; 43 Atl. Rep. 428; In re Vreeland, 66 N.J. Eq. 297;57 Atl. Rep. 903; In re Thurston, 104 N.J. Eq. 395;145 Atl. Rep. 110; Cox v. Wills, supra; McDermott v. Zimmerman, supra;Komp v. Thomas, supra.
In Seaward v. Davis, 198 N.Y. 415; 91 N.E. Rep. 1107, the court of appeals of New York said:
"It is doubtless true that ordinarily a life tenant in possession of personal property is a trustee to preserve the principal for the remaindermen to whom it may pass on his death."
The supreme court of Vermont in In re Curtis' Estate,192 Atl. Rep. 13, discussed to some extent the issues that are here involved. The conclusion of that court is in line with the decisions of our court to the effect that a life tenant "held it upon an implied trust for those persons who should be entitled to take in remainder." It further held "her estate is accountable to the trust residuary estate, for whatever may remain of the property which she received under her husband's will."
However, the defendants take the position that the decedent, William George Dunkerley, was not a trustee and they cite the ruling of the supreme court of Pennsylvania in In re Welsh'sEstate, 86 Atl. Rep. 1091, and several opinions from other states which are not in accord with the decisions of the courts of this state. It does not seem necessary to state that where there is a difference in the rulings between the courts of this and other states, that the law established by our courts is to be followed.
At the date of his death, William George Dunkerley had in his possession $8,293.71 of assets which originally comprised part of the estate of Emma J. Dunkerley, deceased. I believe that the complainant is entitled to those assets.
Under all the circumstances, I feel that the complainant is entitled to a decree for an accounting, and to the relief prayed for. *Page 457