OF THE

## STATE OF NEW JERSEY,

## ON APPEAL FROM THE COURT OF CHANCERY,

### AND PREROGATIVE COURT,

### MARCH TERM, 1887.

---

ALEXANDER GULICK'S ADMINISTRATOR, appellant,

*v.*

JOSEPH R. BRUERE, trustee &c., respondent.

1. Upon the death of a testamentary trustee, who dies intestate, his office is transmitted, so far as relates to personalty, to his administrator.
2. Such an administrator may settle the trust accounts in the orphans court.

---

On appeal from a decree of the ordinary, whose opinion is reported in *Bruere* v. *Gulick, 14 Stew. Eq. 280.*

*Mr. George O. Vanderbilt,* for appellant.

*Mr. A. G. Richey,* for respondent.

The opinion of the court was delivered by

BEASLEY, C. J.

This is an appeal from a decision of the ordinary.

The question which it was the object of this appellate proceeding to present to this court was, whether a person who was both executor and trustee under a will could legally be allowed commissions, calculated on the *corpus* of the estate in his hands, in view of his services in each of such several capacities. The decree in the court below was in negation of such claim, and it is necessary only to say on this head that this court has declared such result to be erroneous, in the recent case of *Pitney* v. *Everson, 15 Stew. Eq. 361.*

But a doubt having been suggested by a member of this court, whether the trust account now in question was within the jurisdiction, for the purpose of being settled, of the orphans court, and in which tribunal the proceeding originated, the matter was laid over for advisement until the present term.

The account was that of the administrator of a surviving trustee, and the orphans court settled, in that procedure, the accounts of the deceased trustee, and the inquiry is, Had the orphans court cognizance over the matter?

It is obvious that the orphans court can have no judicature with regard to such a subject, except such as it has derived from a statutory source. As a court of probate, it has no such authority, and, by force of the general principles, the auditing and settlement of the accounts of trustees would belong to the province of equity. But, upon looking into the subject, our conclusion is that the jurisdiction in question has been statutably conferred upon this tribunal.

It is the well-settled doctrine that upon the death of a trustee his office becomes vested in his personal representative, and upon such representative the law casts the title to the trust property so far as the personalty is concerned. If the trustee has brought an action, his administrator may continue it. Becoming possessed of the personal assets, and clothed with the title to them, the representative necessarily must settle the accounts of the intestate,

as well as his own accounts arising out of his dealings with such trust estate ; as he is competent to execute the trusts, he will be liable for breaches of trust happening under his own management. *1 Perry on Trusts* § *344; Schenck* v. *Schenck, 1 C. E. Gr. 174.*

It is thus evident that the trusteeship under the will was cast upon these accountants as the representatives of the surviving trustee, and it is deemed equally evident that by force of the statutes of this state the orphans court had authority to take cognizance of such accounts.  It will be found by reference to *Pat. p. 60,* that in the act passed on the 16th December, 1784 (section 10), it is declared "that the orphans court shall have full power and authority to hear and determine all disputes and controversies whatsoever, respecting the existence of wills, the fairness of inventories, the right of administration, and the allowance of the accounts of executors, administrators, guardians or trustees, audited and stated by the surrogate as hereinafter directed ;" and in section 16, after defining the duty of the surrogate in auditing and reporting to the court the accounts of executors and administrators, it is provided that "the accounts of guardians or trustees shall be audited and stated by the surrogate and reported to and finally settled and allowed by the orphans court in manner aforesaid."  From the generality of the terms here used it would seem to have been the legislative purpose to put under the eye and control of this court the accounts of every species of trustees, whether appointed by will or otherwise.  Nor does this jurisdiction thus conferred seem to have been in anywise restricted or curtailed by the repealing and superseding act of April 16th, 1846, to be found in *Rev. Stat. p. 205;* for the latter act substantially reproduces the jurisdictional clauses of the former one.

In the Revision of 1874, in the act respecting the orphans court, the language defining the jurisdiction has been somewhat modified, and while there can be no doubt that such court has been invested with the power of settling the accounts of testamentary trustees, there may be some uncertainty with respect to the question whether such power has not been restricted to that class of officers alone.  For present purposes, it is enough to

41

know that the accounts of these administrators, who are *ex officio* testamentary trustees, were properly cognizable before the orphans court.

The result is that the decision of the surrogate-general should be reversed, with costs, and the case remitted, in order that a decree may be made conforming to the views of this court as above expressed.

For affirmance—McGregor—1.

