PATTERSON & COMPANY *v.* LAWRENCE.

Whether property conveyed to her trustees for the use of one during her life, with a power of appointment in her by will, and that power exercise by her, will be equitable assets for the payment of her debts, in this case would depend upon (1) whether she had any other property sufficient to pay her debts; (2) whether this power of appointment was an absolute right of property; and (3) whether the appointee was a volunteer or a *bona fide* purchaser of this property appointed to him.

(a) It is manifest in this case that the power of appointment was exercised in favor of the appointee because of the purchase for which he had paid a valuable consideration.

(b) Such property being equitable and not legal assets, it could not be subjected in a proceeding at law without allegations under which a court of law could exercise the jurisdiction of a court of equity. Such jurisdiction could not be exercised under the ordinary pleadings in a claim case.

(c) A power of appointment is not an absolute right of property; it is not an estate, and has none of the elements of an estate. When

unexecuted it vests no interest in the donee, whether annexed to a particular estate or not, and therefore is not assets for the payment of the debts of the deceased donee.

(d) Whether the execution of a general power of appointment would convert an estate into assets in equity for the payment of debts, is not decided.

(e) It has been held that it is against volunteers only that creditors have this preference in equity, and a *bona fide* purchaser under a voluntary appointee would be protected.

November 18, 1889.

Powers. Wills. Debtor and creditor. *Bona fides.* Equity. Pleadings. Claims. Estates. Before Judge RONEY. Richardson superior court. April term, 1889.

Reported in the decision.

LEONARD PHINIZY, for plaintiffs.

J. B. CUMMING and BRYAN CUMMING, *contra.*

BLANDFORD, Justice.

On the 12th of March, 1866, Samuel Leckie, of Richmond county, conveyed to John Coskery, as trustee, and his successors in office, a certain tract or parcel of land in the city of Augusta, " in trust for the sole and separate use, benefit and behoof of Anna Leckie, wife of the said Samuel Leckie, wholly free from and not subject to the debts, contracts or liabilities, past, present or future of the said Samuel Leckie, or any future husband of the said Anna Leckie, for and during the term of her natural life, and on her death to such person or persons, or for such purpose or purposes as she, the said Anna, by her last will and testament, duly executed, may designate and appoint. But should the said Anna die without having made and executed such last will and testament, then the said property or any property which may be then held in lieu thereof, shall be equally divided, share and share alike, between Samuel Leckie, the son, and Louisa Jones Leckie, the daughter of the said Samuel and Anna; the child or children of the deceased child to stand in place of and

represent the parent." And power was given to the trustee, with the consent of Anna Leckie, to sell the property, the proceeds to be reinvested in other property.

Samuel Leckie, Sr., died July 9th, 1874. Samuel Leckie, Jr., died July 20th, 1877, leaving issue. On the 14th of April, 1886, the judge of the superior court, at chambers and in vacation, granted an order authorizing the sale to Bryan Lawrence of the property conveyed by said deed of trust, the consideration being $2,500, and the sale private. Notice of the application for this order of sale was not given to the minor heirs-at-law, and they were not present or represented by guardian *ad litem* when the order was granted. On the 15th of April, 1886, a deed was made to Bryan Lawrence, reciting that it was in pursuance of said deed of trust and order of court. This deed was signed by Anna Leckie and by Luke Dunn, trustee. The money arising from the sale of said property was partly used in paying off incumbrances in the nature of taxes and judgments against the trust property, and $500 of the same was invested in the name of Luke Dunn, trustee, in stock of the Mutual Real Estate and Building Association, which stock the trustee obtained leave to sell, by an order of the superior court granted on the 16th of December, 1886. It is not known what became of the remainder of the purchase money.

On the 9th of February, 1888, Anna Leckie made a will, in which she devised to Bryan Lawrence the land already conveyed to him under the order of sale. On the 20th of February, 1888, she died. On the 13th of December, 1888, this property was levied on under a *fi. fa.* obtained upon a judgment in favor of Patterson & Co. against Anna Leckie July 2, 1877. A claim was thereupon interposed by Lawrence.

The case was submitted to the judge of the superior court, without the intervention of a jury, for his judg-

ment and decision thereon. Upon the trial, William H. Fleming testified that he drew Mrs. Leckie's will, and was a witness to it; that he thought she made it in order to confirm the title in Lawrence to the property for which he had paid $2,500 on the 15th of April, 1886; that the witness, at the time of said sale, had paid the proceeds to the trustee in her presence; and that she made the will freely, because she thought she was morally bound to give a good title if she could possibly do so. The court held and decided that Lawrence got a good title as against the creditors of Mrs. Leckie, and that his claim must therefore be sustained. To this judgment of the court below the plaintiffs in execution excepted, and assigned error therein.

It is insisted by counsel for the plaintiffs in error that inasmuch as this property was conveyed to a trustee for the use of Mrs Leckie during her lifetime, with a power of appointment in her by will, and inasmuch as she exercised that power by her will, the property was assets for the payment of her debts. Whether, according to the current of authority, this property would be equitable assets for the payment of the debts of the appointer in this case would depend (1) upon whether Mrs. Leckie had any other property sufficient to pay her debts, (2) upon whether this power of appointment was an absolute right of property, and (3) upon whether the appointee was a volunteer, or a *bona fide* purchaser of the property appointed to him.

It is very manifest in this case that the power of appointment was exercised by the testatrix on account of the fact that the property had been previously sold by the testatrix and her trustee to the claimant for a valuable consideration; and this would take the case out of the general rule that where property is conveyed to one for life with a general power of appointment by deed or will, and such power is exercised, the property is con-

verted into assets in equity for the payment of the appointer's creditors. This distinction is clearly recognized in the authorities hereinafter referred to. It is manifest from this record that the power of appointment was exercised in favor of Lawrence because of the purchase which he had previously made from the appointer and her trustee, and for which he had paid a valuable consideration. And furthermore, this property cannot be considered assets of the appointer so as to make it liable for her debts in a court of law. All the authorities treat it as only equitable assets. According to most of them, this power of appointment is such an equitable relation to the property as would make it liable in equity for the appointer's debts. Where the power of appointment is not exercised, all the authorities agree that the property is not liable either in law or in equity for the payment of the debts of the person in whom the power resides. The plaintiffs in error contend that, inasmuch as equitable jurisdiction is conferred upon courts of law in this State, there is no necessity for them to resort to a court of equity. This might be true if the plaintiffs in error had had pleadings suitable for the purpose, but in this case there are no pleadings except the execution and the entry of the sheriff thereon, and the claim interposed by the defendant in error, and the mere issue thus made up as to whether the property is or is not subject. It is certainly a proceeding at law, and not an equitable proceeding. There are no allegations by which a court of law could exercise the jurisdiction of a court of equity; before a court of law could exercise such jurisdiction, there must be sufficient pleadings to authorize it to do so.

A power of appointment is not an absolute right of property. Holmes v. Coghill, 7 Ves. 506. It is not an estate and has none of the elements of an estate. Burleigh & Clough, 52 N. H. 267; Goodill v. Brigham, 1

Bos. & Pul. 197; Eaton *v.* Straw, 18 N. H. 320; 4 Kent's Com. 319; Pulliam *v.* Byrd, 2 Strob. Eq. 134; Livingston *v.* Murray, 68 N. Y. 485; William *v.* Holmes, 4 Rich. Eq. 475. An unexecuted power of appointment vests no interest in the donee, whether annexed to a particular estate or not, and therefore is not assets for the payment of the debts of the deceased donee. Harrison *v.* Battle, 1 Dev. & Bat. Eq. 213. We do not decide whether the execution of a general power of appointment would convert an estate into assets in equity for the payment of debts. Upon this subject see Cutting *v.* Cutting, 20 Hun, 360; Tallmadge *v.* Sill, 21 Barb. 34; Harrison *v.* Battle, 1 Dev. & Bat. Eq. 213; Harrington *v.* Hart, 1 Cox's Chan. 131; Jenney *v.* Andrews, 6 Madd. 264; Fleming *v.* Buchanan, 3 DeG. M. & G. 976; Vaughan *v.* Vanderstegen, 2 Drew, 165; Shattock *v.* Shattock, L. R., 2 Eq. 187; Wales' adm'r *et al. v.* Bowdish's ex'r *et al.* (Vt.), 17 Atlantic Rep. 1000; 1 Story's Eq. Jur. §176, note; 2 Sugd. Powers, 28, 29; 2 Wms. Ex. 1685, 1686, 6 Am. ed. In George *v.* Milbanke, 9 Ves. 190, and Hart *v.* Middlehurst, 3 Atk. 377, it is held that it is against volunteers only that creditors have this preference in equity, and a *bona fide* purchaser under a voluntary appointee would be protected. We think the cases referred to are sufficient to illustrate the rule we have laid down in this case. We are forced to the conclusion that the judgment of the court below is right, (1) because the proceeding is not an equitable proceeding to subject this property to the payment of the debts of the donee; (2) because the appointee in this case was not a volunteer, but was a *bona fide* purchaser; (3) because it is not shown that deceased did not have sufficient assets to pay plaintiffs' claim.

*Judgment affirmed.*