OF

# THE STATE OF NEW JERSEY.

FEBRUARY TERM, 1902.

---

WILLIAM J. MAGIE, ORDINARY.

ALFRED REED, VICE-ORDINARY.

---

In the matter of appeal of EDWARD A. O'CALLAGHAN, administrator, from an order of the orphans court of Hudson county.

[Filed January 8th, 1902.]

1. A petition was presented to an orphans court by one who claimed that he had deposited a sum of money with a person, since deceased, to secure him against liability upon a bond given by him at petitioner's request to a creditor of petitioner, as collateral to obligations given to such creditor by petitioner. It recited that the obligations had been paid and that petitioner was in possession of the bond of deceased, and was ready to surrender it to the administrator of deceased appointed by the surrogate of the county.

2. The prayer was for a decree ordering the administrator to pay to petitioner $2,000 and interest thereon, and such a decree was made.—

*Held*, that assuming the truth of the statements in the petition, and that the transaction between petitioner and the deceased had created a trust, the orphans court had no jurisdiction to establish the trust and decree its performance by the administrator.

(Filed in October Term, 1901, and omitted from its proper place.)

*Mr. Warren Dixon,* for the appellant.

*Mr. Marshall W. Van Winkle,* for the respondent.

MAGIE, ORDINARY.

This is an appeal from an order of the Hudson county orphans court, dated May 17th, 1901, whereby appellant, as administrator of Thomas C. O'Callaghan, was directed to pay forthwith to one John C. Gallagher $2,000, with interest from January 1st, 1901.

The order recites that Gallagher, the respondent, presented a petition to the orphans court praying such an order as was made; that a rule to show cause was issued thereon and personally served on the appellant; that appellant appeared on the return day and his proctor was heard by the court, and that "the facts in the petition being taken as true by the consent and agreement of the said administrator [the appellant] in open court," the court was of opinion that the petitioner was entitled to the relief prayed.

No evidence was taken by the court, and the proctor of appellant who appeared asserts that it was not agreed by him or his client that the facts stated in the petition were true, or that they should be taken as true, except that he submitted an argument to the court against its jurisdiction even if the facts were deemed to be true.

I am not at liberty to disregard the recitals of the order appealed from, and I know of no way in which the truth of the recitals may be impeached in this novel proceeding.

The appeal has therefore been considered as if the order had been made upon appellant's admission of the truth of the facts set out in the petition.

But if those facts as admitted do not disclose any jurisdiction in the orphans court to make the order in question, appellant, who is aggrieved thereby, may avail himself of that objection to the order upon his appeal.

The petition presents a novel question. The whole of the facts stated therein need not be recited. It is sufficient to say, in order to disclose the grounds of my conclusion, that the petition sets forth that the intestate, of whom appellant is administrator, at the request of respondent, gave a bond to a third person for $2,000, conditioned for the payment of that sum if the respondent did not pay certain obligations which he had given to that person, and that respondent thereon gave to the intestate $2,000 in cash to secure him as against liability on such bond. It also states that the intestate in his lifetime and appellant since his death paid interest on said sum to respondent. It further appears that the obligations of respondent have been paid, and that respondent has procured an assignment of the bond of the intestate to himself, and is ready to deliver it up, if repaid the $2,000, with interest.

The claim in the petition was that the intestate received and held the $2,000 in trust for respondent, and that his administrator might properly be decreed to take that sum from the assets of the estate and pay respondent as *cestui que trust.*

The transaction narrated in the petition would seem to create an ordinary relation of debtor and creditor, in which case the relief of respondent would be by an action at law.

There was no claim in the petition that the $2,000 had been invested by the intestate in any particular stock or property which had come to the possession of the appellant as administrator. Nor did the petition assert that the $2,000 was traceable in a bank account or other account of the intestate, or that it, or any part of it, remained in such bank account at the death of testator. In the absence of such statements, it is open to doubt whether, if the transaction established the relation of trustee and *cestui que trust,* the respondent could maintain a claim against the estate otherwise than as a general creditor. Trust obligations are not among the debts of a decedent to which a preference is given by our law for the administration

of estates. *Smith* v. *Combs, 4 Dick. Ch. Rep. 420; Ellicott* v. *Kuhl, 15 Dick. Ch. Rep. 333.* If the personal representative of an intestate trustee treat a trust fund as such and deliver it to its rightful owner or to a substituted trustee, the court before whom the representative presents his account would probably protect him in making such payment, but this is upon the ground that the trust fund is not part of the assets of the decedent. *Cooley* v. *Van Syckel, 1 McCart. 496.*

But assuming, for the purposes of this case, that a trust may be decreed to be established upon the facts stated in the petition, by a court of competent jurisdiction, I am unable to discover in the original constitution of the orphans court, or in the jurisdiction conferred upon it by any statute, any power to adjudicate upon, establish or enforce trusts. That jurisdiction is in the court of chancery. That such jurisdiction did not exist in the orphans court is the *ratio decidendi* of *Ellicott* v. *Kuhl, ubi supra.*

The result is that the order appealed from, being without the jurisdiction of the orphans court, must be reversed and set aside, with costs.