Steneck Trust Company, engaged in general banking business, was the owner of a bond and mortgage for $15,000 against which it issued, "first mortgage participation certificates," one of which, in the sum of $5,000, it issued to complainants. On June 20th, 1931, the bond and mortgage were paid in full to the trust company and the money it received was mingled with other bank money in its general fund. Upon receiving payment of the bond and mortgage, the trust company made an entry thereof in an account on its books entitled, "mortgage participation suspense account," which account shows a liability to the complainants of $5,000 on account of their participation certificate. While said money was so held and on June 27th, 1931, the commissioner of banking and insurance took possession of the property and business of the trust company, pursuant to P.L. 1931 p. 641, being an act to amend an act concerning trust companies (Revision of 1899), and the commissioner is now engaged in liquidating the affairs of said company. The complainants seek a decree against the trust company and the commissioner, that the amount of their participation certificate be paid to them forthwith, on the ground that the trust company received the principal of said bond and mortgage as trustee for them and that said principal was a trust fund for their benefit at the time the commissioner took possession of the bank.
There can be no doubt that when the trust company received *Page 83 
payment of the bond and mortgage in question, it held the proceeds, to the extent of complainants' interest therein, in trust for complainants, and if the fund had been kept separate, or could be traced and identified, the complainants could recover it, but it was not segregated and was mingled with other bank funds. The fact that receipt of the payment was entered in an account having a special title, constitutes no separation of the fund from other bank funds; that was merely a bookkeeping record to show a debt owing by the bank to complainants. In the days which elapsed between the receipt of the fund and the commissioner's taking possession, there were undoubtedly deposits to and withdrawals from the bank's general funds and its general funds may have been depleted by payments and withdrawals, or its assets may have been increased by the deposit with it of other funds in excess of withdrawals, so that if the complainants' claim were allowed, the result would probably be to take from the bank's general fund and pay to complainants, moneys which do not represent the fund received by the trust company in payment of the bond and mortgage in which complainants had an interest. The trust company may or may not be insolvent. The commissioner has been in charge over a year; no dividend has been paid creditors and it appears impossible to determine, at this time, whether creditors will be paid in full. If they can be so paid, complainants will receive their money, but if the bank proves to be insolvent, complainants can have no preference but must be treated as general creditors, because in case of the insolvency of a trustee, the cestui que trust who cannot point out his particular trust property in the general mass of the estate of the trustee, stands in the same position as other creditors of the trustee. Ellicott v. Kuhl, 60 N.J. Eq. 333; In reO'Callaghan, 64 N.J. Eq. 287; Harrison v. Fleischman, 70 N.J. Eq. 301; Pierson v. Phillips, 85 N.J. Eq. 60; Fidelity TrustCo. v. Federal Trust Co., 87 N.J. Eq. 550; Nevius v.Disborough, 13 N.J. Law 343; L.R.A. 1916 C 47.
 The bill of complaint will be dismissed. *Page 84