LONG BRANCH BANKING COMPANY, complainant,

*v.*

WILLIAM WINTER, defendant-respondent; IRVING TRUST COMPANY, as executor of the last will and testament of Lavinia A. Winter, deceased, defendant-appellant.

[Argued October 28th, 1932. Decided January 23d, 1933.]

220

*Mr. Arthur T. Vanderbilt,* for the appellant Irving Trust Company, executor.

*Mr. J. Fisher Anderson,* for the respondent Henry D. Brinley, executor, &c., of William Winter, deceased, who died after filing of the bill.

PER CURIAM.

The learned vice-chancellor held that William Winter, now deceased, was entitled to the fund in dispute on either of two grounds, viz., (a) as a completed gift; or (b) as a trust fund established for his benefit by his wife, she retaining the legal title thereto as trustee.

We concur in the result reached by him, and conclude that the decree under review should be affirmed. To this end the second ground adopted by the vice-chancellor is adequate, and we concur in his opinion in that regard, viz., that there was a valid enforceable trust in his favor. Necessarily it was an inactive or dry trust; the trustee retained no beneficial interest in the subject-matter and could have been compelled at any time by decree in equity to hand it over to the *cestui que trust. Supreme Lodge, &c.,* v. *Rutzler, 87 N. J. Eq. 342.* That is the disposition of it made by the decree under review.

This result makes it unnecessary to consider the other ground assigned for the decree below, which for the reason just stated, will be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD, KERNEY, JJ. 12.

*For reversal*—None.