Complainant is a corporation and has its principal place of business in Ohio. Defendant was incorporated under the federal banking laws as a national bank, to do a general banking and trust business, with its banking house at Secaucus, in this state. Complainant was the owner of interest coupons on certain municipal bonds issued by the town of Secaucus, which coupons by their terms, were payable at the defendant bank. Prior to March 1st, 1933 (the coupon due date), defendant received the coupons direct from complainant with the following written instructions: "The enclosed collection items are to be considered a trust fund and are not to be commingled as a deposit with other funds of the collecting agency. Immediate remittance of the proceeds of collection is respectfully requested." On the coupon due date the town had on deposit with the defendant a sum sufficient to pay the coupons, and on that day the defendant charged the town's account with the amount thereof and held such amount to the credit of complainant, but failed to make remittance. Defendant suspended business March 4th, 1933, and a conservator was afterward appointed by the comptroller of the currency in accordance with an act of congress known as the Bank Conservation act, approved March 9th, 1933, and said conservator is still acting as such. This suit was brought against the bank as sole defendant, after the appointment of *Page 367 
said conservator, to have the defendant decreed to account for said coupons and pay to complainant forthwith the amount thereof, with interest from March 1st, 1933, as a preferred claim against the defendant's assets, on the theory that after charging the account of the town with the amount of said coupons, the defendant held such amount in trust for complainant.
The defendant contends that complainant should have made the conservator a party to this suit and that, because the comptroller of the currency is in charge of defendant through the conservator, the defendant cannot be sued in a state court. It seems, however, to be settled that one claiming to be entitled to assets of a national bank whose functions are suspended, may resort to a state court for adjudication of his claim; that by the appointment of a conservator the defendant did not lose its corporate existence and that while the conservator would be a proper party to such suit, he is not a necessary party.Speckert v. German National Bank, 98 Fed. Rep. 151; Moulton
v. National Farmers Bank, 27 Fed. Rep. 2d 408; Neely v.Planters' National Bank, 48 Fed. Rep. 2d 266; 7 Corp. Jur.836, 842.
The defendant further contends that complainant can have no greater rights against it than as a general creditor. A statute of this state known as the Bank Collection code (P.L. 1929ch. 270) provides by section 13-2, that when a bank receives an item payable at such bank and has on deposit to the credit of the person liable for the payment of such item, a sum sufficient to pay it and the bank shall charge the item to the debtor's account but shall fail to pay the item to the owner thereof, the assets of the bank shall be impressed with a trust in favor of such owner for the amount thereof and such owner shall be entitled to a preferred claim against such assets, irrespective of whether the fund representing such item can be traced and identified as part of such assets, or has been intermingled with other assets of the bank. Section 1 of the statute defines a bank to be any person, firm or corporation engaged in the business of receiving and paying deposits of money within this state. This statute is applicable *Page 368 
to the defendant because, although holding a national bank charter, it is governed in the transaction of its ordinary banking business, by state laws which apply to other banks. 7Corp. Jur. 760, 816, 836.
When the defendant collected the coupons from the town of Secaucus by making a debit charge against the town's account, it was in equity, and regardless of the statute aforesaid, trustee of that which then belonged wholly to complainant. Nash v.Second National Bank, 67 N.J. Law 265. Beside the trust impressed on the funds by general equitable principles, the 1929 statute expressly impressed a trust thereon in favor of complainant. George F. Malcolm, Inc., v. Burlington City Loan,c., Co., 115 N.J. Eq. 227. Notwithstanding the existence of such trust, I incline to the opinion that were it not for the 1929 statute, complainant could not have preference in payment over defendant's general creditors, because it does not appear that the funds the town deposited with defendant to meet coupons on its bonds, were kept separate from the moneys of defendant's other depositors and payment of complainant's coupons was made merely by a transfer of credit from the town's account to a credit in favor of complainant. The defendant's assets were neither lessened nor augmented by the transaction and the money which defendant held in trust for complainant, through a bookkeeping entry, was mingled with other bank funds and cannot be identified or traced. Acuntius v. Steneck Trust Co.,111 N.J. Eq. 81. But the statute declares that in the situation here present, a preference exists in favor of the owner of the fund, no matter that the fund has been mingled with other assets held by the defendant and cannot now be traced or identified. Therefore there must be a decree for complainant. *Page 369