This is a suit against a receiver of a national bank in which it is sought to impress a trust on moneys deposited in a time account in the bank in the name of Annie C. Jacobson. Annie C. Jacobson, the mother of complainant, on the 28th day of November, 1932, had an account in the savings department of the bank amounting to $4,560.34. She was sick at the time from an illness from which she died on the 6th day of December. On the 28th day of November she turned over her bank book, showing the sum on deposit, to her son, the complainant. He presented the book at the bank and asked for the money. He was informed that two weeks' notice of withdrawal was necessary and that he must present a check signed by the depositor. An employe of the bank made out *Page 253 
a check to his order for the amount of the deposit less two cents for check tax, and complainant took it home and had it signed by his mother. The check was dated December 12th, 1932. On that date check and bank book were presented at the bank and payment was refused on the ground that the signature was not satisfactory. On the 14th, learning that the check had not been paid, complainant went to the bank to investigate. He offered to produce witnesses to show that the signature was actually that of his mother. A considerable course of correspondence ensued regarding the payment of the amount and it was still pending without payment having been made when the bank went into the hands of a receiver in the end of January, 1933. There seems to be no question but that the check was actually signed by the mother and that she turned over the passbook to the son and delivered the book to him with the intent of giving the amount of the deposit to him.
The sole question is as to whether complainant is a general creditor of the bank and entitled only to share pro rata in any distribution made by the receiver, or whether as contended by the complainant, the amount of the deposit is a trust fund in the hands of the receiver for the benefit of complainant, which must be paid in full to complainant before any distribution is made to the general creditors of the bank.
It is the contention of the complainant that the bank wrongfully withheld from him the amount of the deposit and that thereupon the amount of the deposit became a trust fund in the hands of the bank for his benefit. If this be so, it would be the duty of the receiver to carry out the terms of the trust and make payment in full to the complainant. I do not consider, however, that there was any trust fund of which complainant was the beneficiary.
When Mrs. Jacobson made her deposit in the bank the relationship between her and the bank was merely that of debtor and creditor. As is well known, banks never keep the specific money deposited, but mingle it with their other funds and make loans and investments from the total fund in their possession. The engagement of the bank with a depositor is to pay any or all of the sum deposited on demand, or, as is usual *Page 254 
with time or savings accounts, on the terms and conditions fixed by the contract under which the deposit is made. Breach of this agreement by failure to pay does not create a trust fund of the amount of the sum withheld, but is a mere breach of contract. When Mrs. Jacobson transferred her deposit to complainant, all she did was to assign to him her rights. I cannot see that he had any greater rights than she would have had. There certainly was no trust fund, that is, there was no specific res on which a trust could be impressed up to the time of the failure to pay the money, and I cannot find that the mere refusal to pay will create any different status.
The relations between Mrs. Jacobson and the bank were that of debtor and creditor. Blakey v. Brinson, 286 U.S. 254. Here the court says: "The relationship established between the bank and respondent by his savings account was, from its inception, that of debtor and creditor, and the credit balance of $1,961.31 in respondent's account on October 14th represented the amount of the bank's indebtedness to him."
This relationship was not altered by the act of the bank in failing to pay the deposit. In the case of Fagan v. Whidden,57 Fed Rep. 2d 631, the circuit court of appeals held that the withholding of funds of a depositor on the false statement that there were no funds on deposit did not alter the status of the account from a general to a special deposit, and that therefore no trust relationship was created as to the deposit. The court says:
"So situated, it was incumbent upon appellees, claiming a preference right upon the funds of the bank on the ground that the bank held them in trust for the deceased as his funds, to show the title of deceased to those funds. All that has been shown here is that the deceased loaned money to the bank on a savings account. Not only has no agreement changing the special deposit been shown, but the testimony prevents the finding that appellees and the bank arrived at such an agreement as to it, for it shows that its very existence was, by denial, concealed from appellees. The fact of this deceit cannot change appellees from creditors of the bank to owners of its funds. The bank stands as to them just as it does to its other creditors, their debtor, not their trustee. *Page 255 Cunningham v. Brown, 265 U.S. 1; 44 S.Ct. 424; 68 L.Ed. 873."
Even if there were a trust as to the deposit of Mrs. Jacobson created by a refusal to pay the amount to complainant, even assuming that under the circumstances the bank had no right to withhold payment, the complainant cannot obtain payment in preference to other creditors of the bank; since the particular sum cannot be identified and there was no augmentation because of the transaction, as the assets of the bank were not increased by reason thereof. Acuntius v. Steneck Trust Co., 111 N.J. Eq. 81; Prudden Co., Inc., v. First National Bank of Secaucus,115 N.J. Eq. 365 (at p. 368), where the court says:
"The defendant's assets were neither lessened nor augmented by the transaction and the money which defendant held in trust for complainant, through a bookkeeping entry, was mingled with other bank funds and cannot be identified or traced. Acuntius v.Steneck Trust Co., supra."
Connolly v. Lang, 68 Fed. Rep. 2d 199, here the court says:
"In order to establish a trust relationship between the bank and appellee with respect to the $8,500, it was incumbent upon her to establish the fact that the assets of the bank were augmented to that extent by her transaction on June 22d 1932, and this we think has not been done."
The facts proven in this case do not establish complainant as anything more than a general creditor of the bank and the bill must accordingly be dismissed. *Page 256