The bill seeks to impress a trust upon the assets of the Glassboro Title and Trust Company, closed and in charge of the commissioner of banking and insurance.
On September 22d 1931, complainant had on deposit with Glassboro Title and Trust Company, hereafter referred to as "trust company," in a time account, $1,700. On that day she, in company with her sister, Lilly M. Buxton, called at the trust company and conferred with Charles R. Mease, *Page 282 
assistant treasurer, and authorized him to purchase thirty-five shares of capital stock of United Gas Improvement Company, which stock was ordered by Mease on that day from F.P. Ristine 
Company, stock brokers, in Philadelphia. A bill was rendered to complainant, dated September 22d 1931, for $1,008.13, representing the purchase price of the stock, including commission, and under date of September 25th, 1931, the account of complainant was charged by the trust company with this amount, although the charge slip for same was dated September 24th; on September 25th, a credit entry was made in the treasurer's check account of the trust company, and a check, dated September 24th, 1931, for $1,471.13, made payable to F.P. Ristine Company, signed by C.R. Mease, assistant treasurer of trust company, was mailed to Ristine Company. This check represented the amount due Ristine Company for the stock so purchased for complainant of $1,018.13, as well as that purchased by her sister, Lilly M. Buxton, amounting to $453, the latter purchase having been brought about by a similar transaction with the trust company and at the same time, and is the subject of another action brought concurrently with this one, and which was heard at the same time. The treasurer's check referred to was forwarded to the trust company for collection through the usual channels, and was protested on September 28th, 1931, because the trust company was then in the hands of the commissioner of banking and insurance of the State of New Jersey. This protested check, through the usual channels, was returned to Ristine Company. The trust company was taken over by the commissioner of banking and insurance on September 28th, 1931, but the last banking day was Saturday, September 26th. The treasurer's account had not been charged with this check when it was received by trust company on September 28th, the date when the commissioner took possession of the property and business of the trust company, pursuant to P.L.1931 p. 641, being an act to amend an act concerning trust companies. Revision 1899. The complainant filed a proof of debt and petition with the commissioner, seeking to have the sum of $1,018.13 determined *Page 283 
to be a preferred claim. This claim was rejected by the commissioner on December 17th, 1932, and thereafter this suit was instituted by complainant.
The decree sought by complainant against the defendant is that a trust be impressed upon the assets of the trust company to the extent of $1,018.13, the amount of such claim, and that the defendant be decreed to pay the complainant that amount, with interest.
When the trust company charged the account of complainant with this sum and credited the treasurer's account with a similar amount, it held that sum in trust for complainant until it had been disbursed for the purchase of stock in accordance with the arrangement between the parties. The transaction as it was carried out, however, did not result in a segregation of this amount from the other bank funds, even though complainant's account was charged and credit given in the treasurer's account; this was nothing more than a bookkeeping transaction to show transfer from complainant's account to a special treasurer's account. The treasurer's account was augmented by the amount of this check after the amount thereof had been charged to the accounts of complainant and her sister, Mrs. Buxton, and the trust company undertook to transmit this fund so held by it for the purpose of paying for this stock, by the issuance of its treasurer's check. In Acuntius v. Steneck Trust Co., 111 N.J. Eq. 81
(at p. 83), Vice-Chancellor Fielder said: "The fact that receipt of the payment was entered in an account having a special title, constitutes no separation of the fund from other bank funds; that was merely a bookkeeping record to show a debt owing by the bank to complainants." In the case before me, the fact that the trust company issued its check, at complainant's request, to her creditor cannot result in improving her position so far as her claim to preference is concerned. If the check had reached the trust company for collection prior to its closing and had been charged against the treasurer's account and the remittance had not been made therefor, the transaction would have come within the provisions of chapter 270 (P.L. 1929), known as the Bank Collection *Page 284 
act. Whether it does come within the provisions of that act, under the circumstances by which this transaction was carried out, it is not necessary for me to here determine, because such a claim under the Bank Collection act could only be enforced by Ristine Company, the payee of the check, or their assignee or assignees. The evidence disclosed that the bills rendered by Ristine Company to the complainant and Mrs. Buxton, in payment for which the treasurer's check had been forwarded, were receipted, under date of September 25th, 1931. The stock, however, was never delivered because of the non-payment of the treasurer's check and failure of complainant and her sister, Mrs. Buxton, to send new checks for the aggregate amount of the stock so purchased by them, in accordance with directions contained in a letter sent to them by Ristine Company, dated September 28th, 1931, a copy of which is annexed to the bill.
In this suit we cannot determine what, if any, claim the complainant might have against Ristine Company under the circumstances, but only the effect of the transactions between the parties before the court in this cause by which complainant seeks a decree that in effect would make her a preferred creditor of the trust company.
While the trust company has not actually been declared insolvent, it has been in charge of the commissioner since September 28th, 1931, during which time a dividend of only five per cent. has been paid to the general creditors; and it is quite apparent from the records that the trust company is insolvent.
The bill will be dismissed. *Page 285