George F. Seward, late of East Orange, this state, died November 28th, 1910, leaving a last will and testament probated December 9th, 1910, in which he left his residuary estate to his executors, to invest and apply the net income to the use of his wife, Kate S. Seward, for life, in language as follows: *Page 45 
"All the rest, residue and remainder of my estate of every nature and description and wheresoever situate of which I may die seized or possessed or to which I may be in any manner entitled at the time of my decease, I give, devise and bequeath unto my executors hereinafter named whom I constitute as trustees for the purpose, to hold the same in trust and to invest and keep the same invested in the manner hereinafter provided, and to recover and receive the income and revenue thereof and to apply the net income and revenue thereof to the use of my wife KATE SEWARD for and during her natural life, and upon her death to pay over the principal thereof to such persons and in such amounts or proportions and in such manner as she may by her Last Will and Testament direct, and if she should die intestate, then to divide the principal thereof equally among my children living at the time of the death of my said wife, and the issue then living of any deceased child or children, per stirpes and not percapita, the issue of any deceased child to take the share the parent would have been entitled to receive if living."
Kate S. Seward, his wife, George O. Seward, his son, and Hjalmar H. Boyesen, were appointed as executors and trustees, and on November 29th, 1921, brought their bill of complaint praying leave to account; that George O. Seward and Hjalmar H. Boyesen, be discharged, and a new trustee appointed to act in their place and stead. Decree was entered approving the account and discharging as trustees George O. Seward and Hjalmar H. Boyesen and appointing Charles Oakes of New York as co-trustee. The decree among other things reserved the right to apply for further directions in future.
Charles Oakes, substituted trustee, died August 2d 1927, and Gertrude Ethel Oakes, administratrix with the will annexed of his estate accounted in the Essex county orphans court for his administration, in which accounting Kate S. Seward did not join.
Kate S. Seward continued to administer the estate until November 15th, 1934, when she died, testate, and in her will, probated in New York February 4th, 1935, appointed Leon E. Spencer the present petitioner as her executor. The pertinent portions of her will read as follows:
(a) "I direct that my debts shall be paid as soon as practicable after my death." (Paragraph second).
(b) "All my clothing, silverware, furniture, pictures, paintings, bric-a-brac and other personal effects, expressly including therein all *Page 46 
articles in respect of which I have a power of appointment under the will of my late husband George F. Seward, who died on the 28th day of November, 1910, such will having been admitted to probate in the County of Essex in the State of New Jersey, on the 9th day of December, 1910, I give and bequeath to Leon E. Spencer, Counsellor-at-law of the City of New York absolutely." (Paragraph third.)
(c) "I give and bequeath to my son George O. Seward, pursuant to his deceased father's expressed wish, all my right, title and interest, if any, in all or any shares of the capital stock of VIRGINIA LABORATORY COMPANY, a corporation organized and existing under the laws of the State of New York, and being part of the property of my late husband over which I have power of appointment and disposal under Article II of his aforesaid Last Will and Testament." (Paragraph fourth.)
(d) "I give and bequeath to Woodlawn Cemetery, a New York corporation, out of the property of my late husband, over which I have power of appointment and disposal under Article II of his Last Will and Testament, the sum of One Thousand ($1,000) Dollars in trust, to use the income derived therefrom for the perpetual care and maintenance of the plot in the cemetery owned and maintained by said Woodlawn Cemetery where my husband's remains are buried, and where I wish my remains likewise to be buried." (Paragraph fifth.)
(e) The residuary estate is disposed of as follows:
"All the rest, residue and remainder of my estate, real, personal and mixed, wherever situated and expressly including the property of my late husband over which I have the power of appointment and disposal under Article II of his aforesaid Last will and testament, I direct my executor hereinafter named and/or his successor duly appointed and qualifying as such to divide into four equal parts:
"(A) One such equal part or share, I give, devise and bequeath absolutely to my daughter Anne L. Seward;
"(B) One such equal part or share, I give, devise and bequeath absolutely to my daughter Marion S. Kaufman;
"(C) One such equal part or share, I give, devise and bequeath absolutely to my son, George O. Seward.
"In the event of the death of any of my aforesaid children prior to my death, I give, devise and bequeath his or her share to his or her issue, or the issue of deceased issue surviving,per stirpes and not per capita. The share or shares of any of my said children who may have predeceased me without leaving issue or issue of deceased issue, me surviving, I give, devise and bequeath in equal shares to any surviving child or children, or issue of deceased child or children per stirpes and not percapita.
"(D) The remaining one-fourth part or share I give, devise and bequeath unto my daughter Marion S. Kaufman and Leon E. Spencer hereinafter named as my executor, IN TRUST NEVERTHELESS, to invest the same and to keep the same invested, to collect and recover the interest, revenue and income thereof and to apply the same to such *Page 47 
purpose as they may, in their sole and unlimited discretion, deem advisable for the support, maintenance and education of my granddaughter, Katherine Woods, one of the two children of my deceased daughter, Emma Seward Woods; not in anywise limiting the exercise of such discretion, but including expenditures for foreign travel, musical education and other expenditures for what are commonly termed `luxuries,' when and if such expenditures seem advisable; and upon my said granddaughter reaching the age of twenty-one years to then pay over to her the then unexpended interest, revenue and income of said trust fund and thereafter to pay over to her the net interest, revenue and income of said trust fund in quarterly installments, in each year until she reached the age of thirty years; and upon my said granddaughter reaching the age of thirty years, then to pay over the principal and unexpended income of said trust fund to her, but in case my said granddaughter shall die before reaching said age, then, upon her death, I direct my said trustees to pay over said principal and unexpended income of said trust fund to her then living issue, per stirpes and not per capita, and if there be no such issue then living, then to Patricia Woods if she be then thirty years of age and if she be not thirty years of age then I direct my said trustee or trustees to pay over to Patricia Woods the net interest, revenue and income of said trust fund in quarterly installments in each year until she reaches the age of thirty years, and upon my said granddaughter reaching the age of thirty years, then to pay over the principal and unexpended income of said trust fund to her, but in case both my said granddaughters shall die before reaching thirty years, I direct my trustee or trustees to pay over said unexpended income and principal of trust funds to my issue then living per stirpes
and not per capita.
"In constituting my daughter, Marion S. Kaufman trustee of my granddaughter's property, I am following not only my own desire, but also the desire of my deceased daughter, the mother of my said granddaughters, as expressed by her to me." (Paragraph sixth.)
The petition of Leon E. Spencer, executor, prays:
(1) That he be substituted as a party in place of Kate S. Seward;
(2) That he, in his capacity as executor of the estate of Marion S. Kaufman, deceased, be substituted as a party in her place;
(3) That the Woodlawn Cemetery be added as a party defendant, and process issue against it;
(4) That a substituted trustee be appointed for the George F. Seward estate in the place of Kate S. Seward;
(5) That petitioner, in his capacity as executor of the estate of Kate S. Seward, be permitted to account herein for the acts of Kate S. Seward, as trustee; *Page 48 
(6) "That this court may determine whether the assets comprising said trust are chargeable with the payment of the administration expenses, including taxes, of the estate of Kate S. Seward and the debts of Kate S. Seward, deceased, and if so, to what extent said liability is incurred;
(7) "That this court may determine whether the substituted trustee of said trust should make distribution of the trust assets direct to the persons named as beneficiaries by the said Kate S. Seward under her power of appointment or should pay over to the duly appointed executor of the will of Kate S. Seward all or any part of said trust assets, after payment of administration expenses, for disposition by said executor in accordance with the will of the said Kate S. Seward."
The prayers of petitioner 1 to 5, inclusive, were granted on April 16th, 1935. The account was referred to Herbert J. Hannoch, Esq., special master, to audit and state, and report any question or matter arising in connection therewith, and to take testimony relating to the prayers for instructions.
The matter is before me on exceptions to the master's report. All but one of the exceptions will now be disposed of in treating with the remaining prayers for instructions.
 VI.
It is well established in England and followed generally, but not uniformly, in this country, that where a person has a general power of appointment, either by deed or by will, and executes this power, the property appointed is deemed in equity part of his assets, and subject to the demands of his creditors in preference to the claims of his voluntary appointees or legatees.
The supreme court of the United States in United States v.Field, 255 U.S. 257; 65 L.Ed. 617, held: "Where the donee dies indebted, having executed the power in favor of volunteers, the appointed property is treated as equitable, not legal, assets of his estate (Clapp v. Ingraham, 126 Mass. 200, 203; Patterson
v. Lawrence, 83 Ga. 703, 707; 7 L.R.A. 143; 10 S.E. Rep. 355); and (in the absence of statute), *Page 49 
if it passes to the executor at all, it does so not by virtue of his office, but as a matter of convenience, and because he represents the rights of creditors. O'Grady v. Wilmot
(1916), 2 A.C. 231, 248, 257; 85 L.J. Ch. (N.S.) 386; 114L.T. (N.S.) 1097; 32 Times L.R. 456; 60 Sol. J. 456; Smith
v. Garey, 22 N.C. (2 Dev. B. Eq.) 42, 49; Olney v.Balch, 154 Mass. 318, 322; 28 N.E. Rep. 258; Emmons v. Shaw,171 Mass. 410, 411; 50 N.E. Rep. 1033; Hill v. Treasurer,229 Mass. 474, 477; L.R.A. (1918D) 337; 118 N.E. Rep. 891."
"Where the power is executed, creditors of the donee can lay claim to the appointed estate only to the extent that the donee's own estate is insufficient to satisfy their demands. Patterson
v. Lawrence, 83 Ga. 703, 708; 7 L.R.A. 143; 10 S.E. Rep. 355;Walker v. Treasurer, 221 Mass. 600, 602, 603;109 N.E. Rep. 647; Shattuck v. Burrage, 229 Mass. 448, 452;118 N.E. Rep. 889."
"It is settled that [in the absence of statute] creditors have no redress in case of a failure to execute the power. Holmes v.Coghill, 7 Ves. Jr. 499, 507; 32 Eng. Reprint 201; 6 RevisedRep. 166; affirmed in 12 Ves. Jr. 206, 214, 215; 33 Eng.Reprint 79; 8 Revised Rep. 323; 21 Eng. Rul. Cas. 577; Gilman v.Bell, 99 Ill. 144, 150; Duncanson v. Manson, 3 App. D.C. 260,273."
"And, whether the power be or be not exercised, the property that was subject to appointment is not subject to distribution as part of the estate of the donee. If there be no appointment, it goes according to the disposition of the donor. If there be an appointment to volunteers, then, subject to whatever charge creditors may have against it, it goes not to the next of kin or the legatees of the donee, but to his appointees under the power." See, also, Johnson v. Cushing, 15 N.H. 298;41 Am.Dec. 694; Brandies v. Cochrane, 112 U.S. 344; 28 L.Ed. 760;Jenney v. Andrews, 6 Madd. 264; In re Peacock, 1 Ch. 552; 71L.J. Ch. 325; Security Trust and Safe Deposit Co. v. Ward
(Del.Ch.), 93 Atl. Rep. 385.
The rule that the excess debts of the insolvent estate of a donee of the power of appointment are payable out of the trust, was followed in this court in Crane v. Fidelity Union *Page 50 Trust Co., 99 N.J. Eq. 164, and in Aaron Honig et al. v.Fidelity Union Trust Co., Docket 61, page 102.
The trust estate is not chargeable with administration expenses and taxes of the estate of Kate S. Seward.
 VII.
It is contended that the appointed estate should be administered by the executor under the will of Kate S. Seward because upon the theory of "practical convenience" it was held both in England and in some jurisdictions in this country that the person to administer the appointed estate shall be the person whose duty it is as executor or administrator of the donee to ascertain and provide for the debts in the due course of administration. In re Peacock, supra; In re Hoskins' Trusts, 5Ch. D. 229; 6 Ch. D. 281; 46 L.J. (Ch.) 817; Olney v.Balch, supra; Security Trust and Safe Deposit Co. v. Ward,supra; Gardiner v. Burrill (Mass), 114 N.E. Rep. 617.
It seems to me, however, that "practical convenience" should not govern the determination of the court upon the question of proper distribution in view of the established law that the trust fund forms no part of the donee's estate, either in law or in equity, except only in the instance where the donee dies indebted and then only for the purpose of having the excess debts become a charge against the appointed property. Moreover, this court will not for the convenience of interested parties relinquish to a foreign jurisdiction its control over the trust. The power of appointment was created and exists by virtue of the laws of this state, and it is settled law that the exercise of powers conferred by will is controlled by the law of testator's domicile, both as to interpretation of the power, and the execution of it. Farnum v. The Pennsylvania Company forInsurance, c., 87 N.J. Eq. 108; affirmed, Ibid. 652.
The substituted trustee of the George F. Seward estate will make distribution of the trust assets direct to the persons named as beneficiaries by Kate S. Seward under the power of appointment. The property subject to appointment is not *Page 51 
subject to distribution as part of the estate of the donee. The executor of the estate of Kate S. Seward takes nothing in the property appointed.
When the debts of Kate S. Seward have been determined by the New York jurisdiction upon proper accounting by the executor of her estate, then to the extent that the assets of her estate are insufficient to discharge the same, payment of such debts will be made by the substituted trustee of the George F. Seward estate, after which he will make distribution of the bequests contained in her will and distribute any balance remaining according to the exercised power of disposition. If there had been no appointment, the trust fund would go according to the disposition of the donor, which in the instant case would be to the donor's children and the issue of any deceased child or children. The wife enjoyed the right merely to indicate the manner of disposition if she pleased to exercise that right. The fund remained with the husband's trustee to be disposed of as directed by his wife.Leggett v. Doremus, 25 N.J. Eq. 122; McCook v. Mumby,64 N.J. Eq. 394.
The remaining exception by Blair Reiley, guardian ad litem
for Elizabeth Katherine Woods and Patricia Woods, infants, is to the effect that the estate of Kate S. Seward should be surcharged with the depreciation in certain reinvestments made by her while acting as sole trustee. It is contended that it was the duty of the trustee to limit her reinvestments to investments authorized by law for fiduciaries, and that certain of the reinvestments made by her in Baltimore and Ohio Railroad Company and Southern Pacific Railway Company bonds, were not such investments allowed by law and have depreciated in value to the extent of some $6,000 since the bonds were acquired.
Inasmuch as these infants share also (but only in the residue) of the estate of said Kate S. Seward, which is represented to be insolvent (their share in the estate as well as in the appointed property being in the same fractional or aliquot part), the question as to whether or not such estate should be surcharged with the depreciation in these investments becomes of practical importance only if it be determined that the trust estate — the property subject to appointment by her — is not *Page 52 
chargeable with any part of her debts. Having held to the contrary, the matter of surcharging the trustee for depreciation in the value of the security is at best academic. Application of such assets to payment of a surcharge would result in withdrawing such amount from the assets available for the payment of debts and increasing the amount to be applied to payment of such debts out of the trust fund. Allowance of the exceptions would not increase the trust assets, and would be doing a vain thing.
Decree in accordance with the foregoing conclusions.