On December 1st, 1925, the complainant, by written agreement assigned to the defendant executor's decedent, Edward H. Titus (hereinafter referred to as Edward), a claim for 250 shares of the capital stock of Secor Hotel Company in "order to enable" the decedent to institute suit against Lou C. Wallick. Under the terms of the assignment any proceeds of the assigned claim
collected by Edward were *Page 542 
to be delivered to the complainant for distribution in accordance with the terms of the agreement. Edward instituted suit for the claim against Wallick in the State of New York, and in May, 1934, recovered a judgment against him for $389,103.21. The judgment remained unsatisfied. Wallick left the State of New York and went to the State of Ohio where Edward sued him on the New York judgment. The Ohio courts decided in favor of Wallick. An appeal was taken to the United States Supreme Court; that tribunal reversed the judgment of the Ohio courts. Thereupon, judgment was finally entered in the Ohio courts in favor of Edward and against Wallick for principal, interest and costs aggregating $505,850.38.
Edward died in November, 1939. He left a last will and testament which was probated in the County of Bergen, New Jersey, and letters testamentary were issued to the defendant, Haydock H. Miller, who had been named executor. Miller as executor of Edward's estate agreed to compromise the judgments for $60,000 and applied to the Bergen County Orphans Court for its approval of the proposed agreement of settlement. Complainant charges that the decedent's executor is without authority to negotiate a settlement since the judgments were not the assets of his decedent's estate, but the property of the complainant.
The bill of complaint alleges that the entry of the judgments aforesaid barred the decedent from any right to sell, assign, transfer, set over, pledge, compromise or discharge the assigned claim, since on the entry of the judgments the claim had become merged therein and Edward's powers of control thereupon ceased and were at an end. The complaint further says that the judgments were recovered by Edward for the benefit of the complainant as the equitable owner thereof, that his (Edward's) title thereto became that of a trustee under the terms of the written assignment; and that on the death of Edward, it then became the duty of his executor, the defendant, to transfer the legal title to the judgments to the complainant.
The defendant's answer in lieu of plea admits in substance the material allegations of the bill, and submits the *Page 543 
question of the construction of the written agreement as the chief issue.
The complainant's contention that when the assigned claim took the form of judgment, it became merged in the latter and that the decedent's right thereafter to sell, c., or compromise, c., came to an end, finds support in the decisions of the courts of this state.
Under the terms of the written assignment Edward, the decedent, had the right to sell, c., or compromise, c., the whole or any part of the "said claim;" but he thereby was not authorized to sell, c., or compromise, c., any judgment which might be recovered in an action brought to enforce the claim. His status upon the entry of the judgments became that of a mere trustee of a dry or passive trust. Supreme Lodge, K.P. v. Rutzler,87 N.J. Eq. 342; 100 Atl. Rep. 189; Long Branch Banking Co. v.Winter, 112 N.J. Eq. 218; 163 Atl. Rep. 903; Fidelity UnionTrust Co. v. Mintz, 125 N.J. Eq. 52; 4 Atl. Rep. 2d 44.
See, also, Barnes Drake v. Gibbs, 31 N.J. Law 317; Cox v.Marlatt, 36 N.J. Law 389; Mutual Life Insurance Co. v. Newton,50 N.J. Law 571; 14 Atl. Rep. 756.
In Coles v. McKenna, 80 N.J. Law 48; 76 Atl. Rep. 344, the court said:
"The causes of action merged in the judgment, and in the case of a joint debt whatever extinguishes or merges the debt as to one merges it as to all."
In Barnes Drake v. Gibbs, supra, Chief-Justice Beasley said:
"The effect of a judgment at common law is practically to destroy, so long as it exists, the ground upon which it rests. This is one of its essential qualities, as much as is its capacity to conclude with regard to the fact which it adjudges. To deny it this efficacy, is to deny that it is a judgment in any sense which will accord with legal principles. And in fact the doctrine of merger arises out of the quality of a judgment, which renders it conclusive upon the parties as to the questions which it involves. Theoretically, the original matter, which was open to controversy, *Page 544 
is considered merged, because it is definitively settled by the judgment."
In Cox v. Marlatt, supra, Mr. Justice Scudder says:
"It has also been held that the prior contract or right of action is extinguished by the judgment, as a higher security."
That part of the agreement upon which the complainant lays emphasis reads in part as follows:
"The party of the second part (Edward H. Titus) agrees that he will receive, as the property of the party of the first part, any stock certificates, checks, drafts or money applicable to said claim, which shall at any time come into the possession or control of the party of the second part, and will immediately endorse, transfer and deliver same to the party of the first part, * * *."
Under the terms of the assignment Edward was either an agent or a trustee to whom the complainant assigned the claim for the purpose of collecting or enforcing it. Regardless of whether he was an agent or trustee, the relationship created appears to have been one of personal trust and confidence. Edward was without power to delegate it. It terminated upon his death. The proceeds arising from the claim under the circumstances would not and could not pass to his testamentary representative. Titus Scudder v. Cairo and Fulton Railroad Co., 46 N.J. Law 393;Baurhenn v. Fidelity and Deposit Company of Maryland,114 N.J. Law 99; 176 Atl. Rep. 137; 2 C.J.S. 1178 § 86; 65 C.J. 638.Schenck v. Schenck's Exrs., 16 N.J. Eq. 174; Gulick's Adm'r v.Bruere, 42 N.J. Eq. 639; 9 Atl. Rep. 719; In re Thurston,104 N.J. Eq. 395; 145 Atl. Rep. 110. See Cooley v. Van Syckle,14 N.J. Eq. 496; O'Callaghan's Case, 64 N.J. Eq. 287;51 Atl. Rep. 64; Seward v. Kaufman, 119 N.J. Eq. 44; 180 Atl. Rep. 857.
It is my conclusion that the facts and circumstances warrant the relief the complainant seeks. The defendant, or anyone claiming through or under him, is restrained from consummating the proposed settlement and from cancelling or otherwise dealing with the judgments. The defendant executor is directed to assign legal title to the judgments to the complainant. *Page 545