## Smith v. The Federal Deposit Insurance Corporation, Receiver

*Russell C. Mauch* and *Henry K. VanSickle*, for plaintiff.

*Allen S. Olmsted, 2nd,* for defendant.

BARTHOLD, J., March 26, 1945.—This is a suit instituted by plaintiff, Calvin F. Smith, to recover for

services rendered defendant, the Federal Deposit Insurance Corporation, receiver of the First National Bank & Trust Company of Easton. Plaintiff had represented the bank in certain litigation prior to the receivership and thereafter represented the receiver in carrying on the litigation. His suit is upon a quantum meruit basis for professional services rendered after the business of the bank had been taken over by the receiver. A companion suit is now pending in this court for professional services rendered prior to the receivership and the questions raised in that suit have been disposed of in a separate opinion.

In the instant case defendant receiver has filed a petition for a rule for a more specific statement of claim and has also filed a petition for a rule on plaintiff to appear and show cause why the suit should not be dismissed for want of jurisdiction.

The opinion disposing of a similar rule for a more specific statement filed by defendant receiver in the companion case (no. 85, February term, 1945) is equally applicable to the rule for a more specific statement filed in the case now under consideration. It would serve no useful purpose to repeat what was therein stated. Suffice it to say that allegations of the statement of claim filed in the present suit are sufficiently specific under the Practice Act and the decisions setting forth pleading requirements where an attorney sues on a quantum meruit basis for services rendered: Commonwealth ex rel. v. Tice, 272 Pa. 447; Bechman v. The Hershey Creamery Co., 30 Dauphin 399; Lenahan v. McNelis, 28 D. & C. 45.

Jurisdiction of the parties is admitted, but defendant contends that under the Act of Congress of August 23, 1935, 49 Stat. at L. 684, setting up the Federal Deposit Insurance Corporation, "the receiver and the receiver alone should determine the amount of

the fee that it will pay its attorney the same as it determines the amount of salaries it pays its employees".

The portion of the Act of Congress relied upon is as follows:

"The Corporation [Federal Deposit Insurance Corporation] as receiver of a closed national bank or District bank shall not be required to furnish bond and shall have the right to appoint an agent or agents to assist it in its duties as such receiver, and all fees, compensation, and expenses of liquidation and administration thereof shall be fixed by the Corporation, subject to the approval of the Comptroller of the Currency, and may be paid by it out of funds coming into its possession as such receiver": 49 Stat. at L. 684, 697, 12 U. S. C. §264$m$(1).

Defendant receiver contends that this court does not have jurisdiction to entertain plaintiff's suit, that under the above Act of Congress plaintiff's bill must be presented to the receiver who shall fix the fee subject to the approval of the Comptroller of the Currency. In our opinion this position is untenable and if carried to its logical conclusion would lead to absurd results. Under defendant's construction of the Act of Congress, the receiver would fix the charges of any plumber, carpenter, or mechanic whose services were necessary for the proper maintenance and operation of the bank building and these charges would then have to be approved by the Comptroller of the Currency. Under defendant's construction the plumber, carpenter, or mechanic could not resort to the courts to collect their claims.

Clearly, the language of the above section of the act is applicable only to fees, compensation, and expenses of the agent or agents appointed to assist the corporation in its duties as receiver. It is not applicable to contracts for work and materials furnished and services performed.

Under the Act of Congress incorporating the Federal Deposit Insurance Corporation (12 U. S. C. §264($j$)), the Federal Deposit Insurance Corporation has the power, among other things, "to make contracts. Fourth. To sue and to be sued, complain and defend, in any court of law or equity, State or Federal. . . . Seventh. To exercise by its board of directors, or duly authorized officers or agents, all powers specifically granted . . . and such incidental powers as shall be necessary to carry out the powers so granted", and "Ninth. To act as receiver".

Paragraph 11 of the statement of claim avers that "the Federal Deposit Insurance Corporation by and through its agent, Francis B. Kelly, employed Calvin F. Smith to continue to represent and protect the interests of the First National Bank & Trust Company of Easton in its claim against the American Assembling Machine Company Inc." This paragraph sets up an oral contract of employment under which plaintiff now sues for the professional services rendered at the special instance and request of defendant.

Clearly, the Federal Deposit Insurance Corporation, as receiver, had authority to make such oral contract, and its agent likewise had such authority. Patently, the controversial section of the act authorizing the corporation as receiver to appoint agents did not take away these powers, nor limit them in any regard.

Claimant might have presented his claim to the receiver and awaited action by the receiver and the Comptroller of the Currency, but he was not obliged to do so. The presentation of a claim to the receiver is not a necessary prerequisite to suit thereon. There is no statutory provision requiring prior presentation of contract claims to such receiver. Under 12 USC §194, a receiver is required to pay ratably all claims proved to his satisfaction or adjudicated in a court of competent jurisdiction.

". . . claims by creditors against the assets of a national bank in the hands of a receiver may be either presented and proved before such receiver or they may be put in suit in any court of competent jurisdiction": 9 C. J. S. §757; Bank of Bethel v. Pahquioque Bank, 14 Wallace 383, 20 L. Ed. 840 affirming 36 Conn. 325; Prudden & Co. v. First Nat. Bank of Secaucus, 115 N. J. Eq. 365, 170 Atl. 860; Green v. Walkill Nat. Bank, 7 Hun (N. Y. Sup.) 63; Schulenberg v. Norton, 49 F.(2d) 578; Denton v. Baker, 79 Fed. 189.

The presentation of a claim against a National bank in the hands of a receiver and the disallowance of the claim by the receiver do not conclude the creditor and will not bar an action at law by him. The decision of a receiver disallowing a claim is subject to review in the State court: Bank of Bethel v. Pahquioque Bank, supra.

It has also been held that a judgment for plaintiff in an action to enforce a claim should direct that the claim be recognized and certified to the comptroller to be paid in the due course of administration: Case v. Citizens Bank of La., 100 U. S. 446; Merrill v. First National Bank of Jacksonville, 75 Fed. 148, affirmed 19 S. Ct. 360, 173 U. S. 131; Eastern Townships Bank v. Vermont National Bank, 22 Fed. 186; Cooper v. McNair, 49 F.(2d) 778.

The case of Cooper v. McNair, supra, is especially significant, in that the attorney involved in that case refused to contract for legal services upon condition that the amount of his fees would be subject to the approval of the Comptroller of the Currency. The First National Bank of St. Augustine employed plaintiff attorney to represent it in certain litigation. Plaintiff brought suit pursuant to his employment. The St. Augustine bank was taken over by a receiver and the receiver requested plaintiff to continue the prosecution of the suit but upon condition that plaintiff's

compensation would be subject to the approval of the Comptroller of the Currency and his decision would be final. Plaintiff attorney declined, whereupon the receiver of the St. Augustine bank discontinued plaintiff's services and continued the conduct of the suit through another attorney. Plaintiff then brought suit against the receiver of the St. Augustine bank to recover for his services both past and prospective. The suit was in equity and was instituted to impress an attorney's lien upon a judgment or recovery obtained through his services.

For the reasons hereinabove stated, we are of the opinion that the Court of Common Pleas of Northampton County has full jurisdiction to hear and determine plaintiff's suit for professional services.

And now, March 26, 1945, defendant's petition for more specific statement of claim and defendant's petition challenging the jurisdiction of the court are hereby discharged.